**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| Justin Baughman, Shawn Nichols, and Candi Williams, *et al*., | * | |
| | * | |
| On behalf of themselves and those similarly situated, | * | |
| | | Case No. 3:19-cv-8 |
| Plaintiffs, | * | |
| | | Judge |
| v. | * | |
| | | |
| KTH Parts Industries, Inc. | * | |
| c/o Statutory Agent Corporation | | |
| 52 E. Gay Street | * | |
| Columbus, Ohio 43216 | | |
| | * | |
| & | | |
| | * | |
| KTH Leesburg Products, LLC | | |
| c/o W. Lee Thuston | * | |
| 420 North 20th St., Suite 3100 | | |
| Birmingham, Alabama 35203 | * | |
| | | |
| Defendants. | * | |

<u>**PLAINTIFFS' COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**</u>

Now come Plaintiff Justin Baughman ("Plaintiff Baughman" or "Baughman"), Shawn

Nichols ("Plaintiff Nichols" or "Nichols"), and Candi Williams ("Plaintiff Williams" or

"Williams") (collectively herein as "Plaintiffs" or "Named Plaintiffs"), by and through

undersigned counsel, individually and on behalf of other members of the general public similarly

situated, for their Collective and Class Action Complaint against KTH Parts Industries, Inc.

("KTH") and KTH Leesburg Products, LLC ("KLP") (collectively hereinafter "Defendants") for

their joint failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03, and 4111.08 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). Named Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a class action under Rule 23 as to Defendant KTH only. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiffs' own conduct and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I.       JURISDICTION AND VENUE

1.       The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA.

2.       This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3.       Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Southern District of Ohio, KTH has its principal place of business and/or KTH otherwise jointly conducted substantial business in the Southern District of Ohio. As more fully outlined below, venue is also proper as it relates to Defendant KLP because it is a wholly-owned subsidiary of KTH, it conducts business on behalf

of KTH, and KLP has purposefully availed itself of doing business in the forum when KTH uses KLP to access the market in Alabama and do what it otherwise would have done itself.

II.     **GENERAL FACTUAL ALLEGATIONS**

**A.  Named Plaintiff Justin Baughman**

4.      Named Plaintiff Baughman is an individual, United States citizen, and resident of this judicial district.

5.      Baughman worked as an hourly, non-exempt "employee" of Defendants as defined in the FLSA and the Ohio Acts primarily in the position of crane operator in or around November, 2016 until March, 2018. He also worked in KTH's welding department as an hourly, non-exempt employee.

6.      At all times relevant, Baughman primarily performed non-exempt duties for Defendants.

**B.  Named Plaintiff Shawn Nichols**

7.      Named Plaintiff Nichols is an individual, United States citizen, and resident of this judicial district.

8.      Nichols has worked as an hourly, non-exempt "employee" of Defendant KTH as defined in the FLSA in the position of production associate beginning in or around April, 2018 and continuing through October, 2018.

9.      At all times relevant, Nichols primarily performed non-exempt duties for Defendant KTH.

### C. Named Plaintiff Candi Williams

10.     Williams has worked as an hourly, non-exempt "employee" of Defendants as defined in the FLSA in the position of production worker beginning in or around December, 2012 and continuing through the fall of 2018.

11.     At all times relevant, Williams primarily performed non-exempt duties for Defendants.

12.     The Named Plaintiffs bring this action on behalf of themselves and on behalf of those similarly situated and have given their written consent to bring this action to collect unpaid overtime compensation under the FLSA. Named Plaintiffs' consents are being filed along with the Complaint pursuant to 29 U.S.C. §216(b). (*Consents to be Party Plaintiffs*, attached hereto as **Exhibit A**).

13.     In addition to the Named Plaintiffs, they also file the consent form of Julius Burton, an Opt-In Plaintiff, who worked on behalf of Defendants through Defendant KLP at its Alabama worksite. (*See* **Exhibit B**).

### D. Defendant KTH – the Parent Corporation that operates in other markets through its subsidiaries and applies the same companywide, FLSA-violating pay practice to KTH and its subsidiaries.

14.     At all times relevant, KTH is a domestic for-profit corporation authorized to do business in Ohio and jointly conducts business in this judicial district.

15.     KTH designs, develops, and manufactures automotive parts, starting with raw material to the blanking, laser welding, stamping, spot welding, and delivery to its customers.

16.     KTH accomplishes these goals by basing its primary business operations as KTH, which is located in St. Paris, Ohio. It then purposefully avails itself in other markets at its other

facilities located throughout the United States by operating through various subsidiaries, including KLP.

17.     As such, this Court properly has personal jurisdiction over KTH and KLP, even though KLP is a nonresident defendant, through the theories of attribution and merger for several reasons.

18.     With respect to attribution, KTH's subsidiaries essentially conduct business on behalf of KTH and thus, KTH purposefully availed itself of doing business in the forum by accessing the market through its subsidiaries. As such, KTH uses its subsidiaries to do what it otherwise would have done itself.

19.     For example, KTH's own website lists KTH's North American facilities, including:

a.  KTH Parts Industries, Inc. ("KTH"): 1111 North State Route 235, PO Box 0940, St. Paris, Ohio 43072 ("St. Paris Facility");

1.  KTH R&D Technical Center ("KTC"): 8205 Business Way, Plain City, Ohio 43064;

2.  Kalida Manufacturing, Inc. ("KMI"): 801 Ottawa Street, PO Box 390, Kalida, Ohio 45853;[1] and

3.  KTH Leesburg Products, LLC ("KLP"): 405 Industrial Boulevard, PO Box 219, Leesburg, Alabama, 35983 ("Leesburg Facility").

---

[1] As declared by KTH on its own website, "KTH began operations of Kalida Manufacturing, Inc. (KMI) in Kalida, Ohio" in or around 1996 and continues to operate KMI. *See* https://www.kth.net/company-overview-2/corporate-history/ ("1996 – KTH began operations of Kalida Manufacturing, Inc. (KMI) in Kalida, Ohio) (last visited January 7, 2019). While KMI is involved in a different lawsuit pending in the Northern District of Ohio, Western Division, additional context is included herein to provide the Court with a general understanding of KTH's business model.

20.     KTH also admits on its website that, "KTH began operations of KTH Leesburg Products, LLC (KLP) in Leesburg, Alabama" in or around 2001.[2]

21.     As part of availing itself into other markets across the United States, KTH representatives oversee, control, direct, and maintain operations over the production and manufacturing goals of its subsidiaries, including KLP.

22.     Upon information and belief, KTH represents that through its partnership, it provides the technology, leadership, and financing for its subsidiaries, including Kalida Manufacturing, Inc. ("KMI") and Defendant KTH Leesburg Products, LLC ("KLP"), which has substantially helped grow its subsidiaries from the outset of their operations to the present.

23.     Upon information and belief, KTH also exercises significant control of KLP by overseeing, controlling, directing, and maintaining operations over the production and manufacturing goals.

24.     For example, KMI and KLP stamp and weld automotive body sub-component parts that are then supplied to Defendant KTH.

25.     The intertwined relationship is further underscored by the fact that when Plaintiff Williams' check was short within the last year, she was told by KLP's local HR representative that in order for it to be fixed, it would have to be reviewed and approved by KTH Ohio.

26.     When applying for jobs with KLP, KTH indicates that one of the additional job responsibilities is to be involved in the KTH Safety Committee.

---

[2] *See* https://www.kth.net/company-overview-2/corporate-history/ ("2001 – KTH began operations of KTH Leesburg Products, LLC (KLP) in Leesburg, Alabama.") (last visited December 12, 2018).

27. In addition, KTH's own website also lists KMI and KLP as part of "our team." On LinkedIn, when conducting a search for KLP on LinkedIn, it directs all employees to visit KTH's website.[3]

28. In the alternative, under the merger doctrine of personal jurisdiction, KTH is so closely aligned with its subsidiaries, such as KLP, that it is reasonable for KTH to anticipate KLP being haled into court in this judicial district because KTH and KLP are more or less the same entity, where the same FLSA-violating pay policies and practices (as explained below) are applied to KTH and through its subsidiaries, including Defendant KLP.

29. Thus, there is a sufficient connection between KTH, KLP, and this forum as to make it fair to require defense of the action in this judicial district.

**E. Defendant KLP – A subsidiary of and operated by KTH**

30. Defendant KLP is a wholly-owned subsidiary of KTH. While it is a foreign limited liability company with its principal place of business located in Leesburg, Alabama, KLP is a proper defendant in this action because KTH oversees, controls, directs, and maintains operations over KLP's production and manufacturing goals to the point that there are sufficient contacts for this Court to exercise personal jurisdiction over it under the attribution and/or merger theories explained above.

31. For example, KLP is a wholly-owned subsidiary of Defendant KTH, which began operations of KLP in or around 2001 through the present.

32. At all times relevant, KLP has been an "employer" as that term is defined by the FLSA.

---

[3] *See* https://www.linkedin.com/company/kth-leesburg-products-llc. (last visited January 7, 2019)

33.     Defendant KLP is the production business of stamping and welding automotive body sub-component parts, which are "supplied to KTH Parts Industries and its subsidiaries."

34.     During relevant times, Defendants jointly maintained control, oversight, and direction over Plaintiffs and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages and overtime.

35.     During relevant times, Defendants have mutually benefitted from the work performed by Plaintiffs and those similarly situated.

36.     During relevant times, Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiffs and other similarly situated employees.

37.     During relevant times, Defendants jointly shared the services of Plaintiffs and other similarly situated employees.

38.     During relevant times, Defendants jointly acted directly or indirectly in the interest of each other in relation to Plaintiffs and those similarly situated.

39.     During relevant times, Defendant KTH has been jointly involved in the operational decisions of KLP as described herein.

40.     As a result, at all times relevant, KTH was also an "employer" as that term is defined by the FLSA and the Ohio Acts due to its joint employment of Plaintiffs and those similarly situated as described herein.

41.     As a result, at all times relevant, KLP was also an "employer" as that term is defined by the FLSA due to its joint employment of Plaintiff Williams and those similarly situated as described herein.

42.     During relevant times, Defendants jointly maintained control, oversight, and direction over Named Plaintiffs Baughman, Nichols, Williams, and other similarly situated employees, including the promulgation and enforcement of policies affecting the payment of wages, including overtime compensation.

43.     During relevant times, Defendant KTH has been jointly involved in the employment decisions of KLP, including but not limited to decisions about the wage and hour policies and practices that affect Named Plaintiffs and other similarly situated employees.

44.     Upon information and belief, Defendants jointly operated/operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendants have had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

45.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime laws of the United States and, for Defendant KTH, the laws of the State of Ohio.

### III.     COLLECTIVE AND CLASS ACTION ALLEGATIONS

46.     All of the preceding paragraphs are realleged as if fully rewritten herein.

47.     Upon information and belief, all of Defendants' hourly, non-exempt workers at the St Paris Facility and the Leesburg Facility are subject to Defendants' timekeeping system, whereby each hourly, non-exempt worker "clocks in" using a personal identification code/finger scan at the beginning of the scheduled shift, begins working, and "clocks out" when the worker has completed the job duties for the shift.

48. Upon information, belief, and Defendants' business records that are in possession of Defendants, KTH and KLP have a variety of departments, a non-exhaustive list includes, but is not limited to the following:

    a. KTH/KLP – Stamping, Welding, Maintenance, Quality, Material Services, and miscellaneous other employees who do not fall into one of the general departments described herein.

    b. KTH – Technical, Maintenance, Stamping, Robotic Welding, Quality Assurance, and Material Service.

49. Examples of hourly, non-exempt employees of Defendants in these departments include, but are not limited to production workers, crane operators, repair technicians, quality technicians, maintenance technicians, among others (all of Defendant's hourly, non-exempt employees collectively hereinafter "Timeclock Associates")

50. During relevant times, Defendants jointly suffered and permitted the Named Plaintiffs and those similarly situated Timeclock Associates to work more than forty (40) hours per workweek, while not fully compensating them for all such hours worked over forty (40) at a rate of at least one and one-half times their regular rate of pay, at a minimum, as a result of Defendants' rounding policy and/or practice ("Rounding Policy").

**<u>Defendants' Unlawful Rounding Policy – Rounding to the Detriment of KTH's/KLP's Timeclock Associates</u>**

51. Defendants, during all times relevant, have jointly operated production facilities, including the St Paris Facility and the Leesburg Facility, with hundreds, if not thousands, of hourly, non-exempt employees subject to the timekeeping system, including Named Plaintiffs as alleged herein.

52.     Upon entry onto Defendants' premises, Defendants record the exact time upon which the Timeclock Associates arrive and begin working for Defendants' benefit.

53.     Upon entry into the plant/worksite, Defendants' Timeclock Associates clock in and clock out using a personal identification code and/or a finger scan.

54.     Under federal regulations, rounding practices are only lawful so long as they are used in such a manner that will not result, over a period of time, in failure to compensate an employer's employees properly for all the time they have actually worked. *See* 29 C.F.R. § 785.48(b).

55.     However, despite Defendants' timekeeping system capturing the actual time that Timeclock Associates have spent working, the timekeeping fails to compensate Timeclock Associates for all such time. Instead, Defendants' Rounding Policy systematically rounds the hourly, non-exempt Timeclock Associates' entries to reduce their compensable time worked. In many cases, the Rounding Policy systematically rounded the Timeclock Associates' time entries to their assigned start times, regardless of the time the employees actually punched in.

56.     Defendants' unlawful Rounding Policy has consistently resulted in unpaid overtime wages to Named Plaintiffs and the putative class members because it unlawfully reduces the compensable hours Defendants' Timeclock Associates work. As a result of the Rounding Policy, Timeclock Associates are only paid for less compensable hours than they actually work.

57.     At all times relevant, Defendants were fully aware that they have accurate clock-in/clock-out timekeeping records, but their Rounding Policy still reduced the actual compensable hours worked of their Timeclock Associates.

58.     Defendants' Timeclock Associates, including Named Plaintiffs, work without being fully compensated in various amounts of time because Defendants' Rounding Policy

consistently rounds or otherwise reduces Timeclock Associates compensable time worked to the benefit of Defendants.

59.     As such, by use of the unlawful Rounding Policy, Defendants have jointly failed to fully compensate Plaintiffs and similarly situated hourly employees for all of the time they actually worked, including overtime hours.

60.     Plaintiffs and similarly situated Timeclock Associates have regularly engaged in principal activities, including tasks that are integral and indispensable to their principal activities, before their scheduled start times and/or end times, but have not been properly compensated for the work performed because of Defendants' Rounding Policy.

61.     Defendants' Rounding Policy has disadvantaged Plaintiffs and similarly situated Timeclock Associates over time because Defendants have maintained this policy without ensuring that the rounding would average out so that Plaintiffs and similarly situated Timeclock Associates are fully compensated for all of the time they actually worked.

62.     Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they were legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio.

63.     During relevant times, Defendants had knowledge of and acted willfully in regards to their joint conduct described herein.

64.     Defendants are in possession and control of necessary documents and information from which Plaintiffs and the putative class members would be able to precisely calculate damages.

65.     Upon information and belief, for the three years preceding the Complaint, Defendants applied the same pay practices and policies to all hourly, non-exempt employees at the St Paris Facility and the Leesburg Facility, including Named Plaintiffs.

**A. 216(b) Collective Action for Unpaid Overtime Wages.**

66.     Named Plaintiffs Baughman, Nichols, and Williams bring their FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of themselves and all other similarly situated Timeclock Associates of the opt-in class, consisting of:

> All current and former hourly, non-exempt employees of Defendants working at the St Paris Facility or the Leesburg Facility who, during any workweek within the three years preceding the filing of the instant Complaint, have: (1) "clocked in" or "clocked out" to keep track of their compensable hours; and (2) worked at least forty (40) hours in any workweek (the "§216(b) Class" or the "§216(b) Class Members").

67.     This FLSA claim is brought as an "opt-in" collective action pursuant to 29 U.S.C. §216(b) as to claims for overtime compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees.

68.     In addition to the Named Plaintiffs, the putative §216(b) Collective Class Members have been denied overtime compensation due to Defendants' widespread Rounding Policy. Named Plaintiffs are representative of those other similarly situated employees are is acting on behalf of their interests as well as their own in bring this action.

69.     The identity of the putative §216(b) Class Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt into it pursuant to 29 U.S.C. §216(b), for the purpose of collectively adjudicating their claims for overtime wages, liquidated damages, attorneys' fees and costs under the FLSA.

70.     The net effect of Defendants' policies and practices is that Defendants willfully failed to fully and properly pay Named Plaintiffs and §216(b) Collective Class Members overtime wages. Thus, Defendants enjoyed substantial profits at the expense of the Named Plaintiffs and §216(b) Collective Class Members.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

71.     Named Plaintiffs Baughman and Nichols bring their Ohio Wage Act claims pursuant to Fed.R.Civ.P. 23 as a class action on behalf of themselves and all other similarly situated of the following class, consisting of:

> All current and former hourly, non-exempt employees of KTH working at the St Paris Facility who, during any workweek within the three years preceding the filing of the instant Complaint, have: (1) "clocked in" or "clocked out" to keep track of their compensable hours; and (2) worked at least forty (40) hours in any workweek (the "Ohio Rule 23 Class", the "Rule 23 Class", or the "Ohio Rule 23 Class Members").

72.     The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

73.     Named Plaintiffs Baughman and Nichols are each members of the Ohio Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Ohio Rule 23 Class.

74.     Named Plaintiffs Baughman and Nichols will fairly and adequately represent the Ohio Rule 23 Class and the interests of all members of the Ohio Rule 23 Class.

75.     Named Plaintiffs Baughman and Nichols have no interest that is antagonistic to or in conflict with those interests of the Ohio Rule 23 Class that they have undertaken to represent.

76.     Baughman and Nichols have retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Rule 23 Class.

77.     Questions of law and fact are common to the Ohio Rule 23 Class.

78.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant KTH with respect to its non-exempt employees.

79.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant KTH acted or refused to act on grounds generally applicable to the Ohio Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiffs Baughman and Nichols and the Ohio Rule 23 Class as a whole.

80.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Ohio Rule 23 Class predominate over questions affecting individual members of the Ohio Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

81.     Questions of law and fact that are common to the Ohio Rule 23 Class include, but are not limited to: (a) whether Defendant KTH violated the Ohio Wage Act by failing to fully pay the Ohio Rule 23 Class Members for hours worked in excess of forty hours per week as a result of Defendant's unlawful payroll policy and/or practices described above; (b) whether Defendant KTH's violations of the Ohio Wage Act were knowing and willful; (c) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to the Named Plaintiffs Baughman and Nichols and other members of the Ohio Rule 23 Class on account of Defendant KTH's violations of the Ohio Wage Act; and (d) what amount of prejudgment interest is due to Ohio Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

82.     A class action is superior to individual actions for the fair and efficient adjudication of Plaintiffs' and the Ohio Rule 23 Class' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Named Plaintiffs Baughman and Nichols and counsel are not aware of any pending Ohio litigation on behalf of the Ohio Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages

sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant KTH to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

**IV.** **CAUSES OF ACTION**

**COUNT I**
**(FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME)**

83.  All of the preceding paragraphs are realleged as if fully rewritten herein.

84.  This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the §216(b) Collective Class Members against all Defendants.

85.  During the three years preceding the Complaint, Defendants jointly employed the Named Plaintiffs and the §216(b) Collective Class Members as delineated above.

86.  Named Plaintiffs and the §216(b) Collective Class Members were paid on an hourly basis and worked in non-exempt positions.

87.  Named Plaintiffs and the §216(b) Collective Class Members worked in excess of 40 hours in numerous workweeks during their employment.

88.  The FLSA requires that covered employees be compensated for every hour worked in a workweek, including overtime compensation for hours worked in excess of forty (40) per week. *See* 29 U.S.C. §§ 206(b) and 207(a)(1).

89.  Named Plaintiffs and the §216(b) Collective Class Members were not exempt from receiving FLSA overtime compensation.

90.  Named Plaintiffs and the §216(b) Collective Class Members worked in excess of forty hours during one or more workweeks within the relevant time period described herein.

91. Defendants violated the FLSA with respect to Named Plaintiffs and the §216(b) Class by, *inter alia*, failing to compensate them at one-and-one-half times their regular rates of pay for all hours worked over forty (40) hours in a workweek because of the Rounding Policy.

92. Defendants knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiffs and the §216(b) Class Members are entitled.

93. Defendants knowingly and willfully maintained an unlawful Rounding Policy which led to their joint failure to pay Named Plaintiffs and the §216(b) Class Members overtime wages they were due.

94. The exact total amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiffs and the §216(b) Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants and/or were not kept by Defendants.

95. As a direct and proximate result of Defendants' conduct, Named Plaintiffs and the §216(b) Class Members have suffered and continue to suffer damages. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves, and the §216(b) Class Members.

## <u>COUNT II</u>
### (R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME AGAINST DEFENDANT KTH)

96. All of the preceding paragraphs are realleged as if fully rewritten herein.

97. This claim is brought under Ohio law, which incorporates the FLSA without limitation.

98.     The Named Plaintiffs Baughman and Nichols and the Ohio Rule 23 Class Members have been employed by Defendant KTH at the St Paris Facility and KTH is an "employer" covered by the overtime requirements under Ohio law.

99.     Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

100.    While employed by Defendant KTH at the St Paris Facility, Baughman, Nichols, and the Ohio Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03 but were not fully paid overtime wages for all such hours because of the Rounding Policy.

101.    Defendant KTH's companywide Rounding Policy led to the failure to pay Named Plaintiffs Baughman, Nichols, and the Ohio Rule 23 Class Members overtime for all compensable hours worked in excess of 40 in a workweek as described above.

102.    The Named Plaintiffs Baughman and Nichols and the Ohio Rule 23 Class were not exempt from the wage protections of Ohio law.

103.    Defendant KTH's repeated and knowing failure to pay overtime wages to Named Plaintiffs Baughman, Nichols, and the Ohio Rule 23 Class Members were violations of R.C. §4111.03, and as such, Defendant KTH willfully withheld and failed to pay the overtime compensation to which Baughman, Nichols, and the Ohio Rule 23 Class Members are entitled.

104.    For Defendant KTH's violations of R.C. §4111.03, Named Plaintiffs Baughman, Nichols, and the Ohio Rule 23 Class Members have suffered and continue to suffer damages. They

seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Ohio Rule 23 Class Members.

## COUNT III
### (R.C. § 4113.15 – RULE 23 CLASS ACTION FOR VIOLATIONS OF THE OHIO PROMPT PAY ACT AGAINST DEFENDANT KTH)

105. All of the preceding paragraphs are realleged as if fully rewritten herein.

106. During relevant times, Named Plaintiffs Baughman, Nichols, and the Ohio Rule 23 Class Members have been employed by Defendant KTH at the St Paris Facility.

107. During relevant times, Defendant KTH was an entity covered by the OPPA and Named Plaintiffs Baughman, Nichols, and the Ohio Rule 23 Class Members have been employed by Defendant KTH within the meaning of the OPPA.

108. The OPPA requires Defendant KTH to pay Named Plaintiffs Baughman, Nichols, and the Ohio Rule 23 Class all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* R.C. § 4113.15(A).

109. During relevant times, Named Plaintiffs Baughman, Nichols, and the Ohio Rule 23 Class were not paid all wages, including overtime wages at one and one-half times their regular rate of pay as described herein within thirty (30) days of performing the work. *See* R.C. § 4113.15(B).

110. Named Plaintiffs Baughman, Nichols, and the Ohio Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

111. Named Plaintiffs Baughman, Nichols, and the Ohio Rule 23 Class Members have been harmed and continue to be harmed by such unpaid wages.

112. In violating the OPPA, Defendant KTH acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

V. **PRAYER FOR RELIEF**

**WHEREFORE**, as to **Count I**, Named Plaintiffs and other members of the § 216(b) Class pray for an Order against Defendants as follows:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the §216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. A declaratory judgment that Defendants' wage and hour policies and/or practices as alleged herein violate the FLSA;

D. An order for injunctive relief ordering Defendants to end all of the illegal wage policy and practice alleged herein pursuant to the FLSA and attendant regulations and requiring Defendants to follow such laws going forward;

E. Judgment against Defendants for damages for all unpaid overtime compensation owed to Named Plaintiffs and the §216(b) Class during the applicable statutory period under the FLSA and continuing through trial;

F. Judgment against Defendants for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiffs and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

G.      Directing Defendants to pay reasonable attorney's fees and all costs connected with this action;

H.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

I.      Judgment for all civil penalties to which Named Plaintiffs and all other similarly situated employees may be entitled; and

J.      Such other and further relief as to this Court may deem necessary, just or proper.

**WHEREFORE**, as to **Counts II** and **III**, Named Plaintiffs Baughman and Nichols request judgment against Defendant KTH for violations of the Ohio Acts, and for an Order as follows:

K.      A declaratory judgment that Defendant KTH's wage and hour policies and practices as alleged herein violate the Ohio Wage Act with respect to the non-payment of overtime and violations of the OPPA;

L.      An order for injunctive relief ordering Defendant KTH to end all of the illegal wage policy and practice alleged herein pursuant to the Ohio Wage Act and the OPPA, and requiring Defendant KTH to follow such laws going forward;

M.      An Order certifying the proposed Ohio Rule 23 Class under the Ohio Wage Act and the OPPA;

N.      Awarding to the Named Plaintiffs Baughman, Nichols, and the Ohio Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law;

O.      Awarding Named Plaintiffs Baughman, Nichols, and the Ohio Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

P.	Awarding judgment against Defendant KTH for liquidated damages pursuant to the OPPA in an amount equal to six percent (6%) of all unpaid overtime compensation owed to the Named Plaintiffs Baughman, Nichols, and the Ohio Rule 23 Class Members during the applicable statutory period; and

Q.	Awarding Named Plaintiffs Baughman, Nichols, and the Ohio Rule 23 Class Members such other and further relief as the Court deems necessary, just, or proper.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
**BRYANT LEGAL, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-704-0546
Fax: 614-573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiffs and those similarly situated*