IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUSTIN BAUGHMAN, et al,    :

        Plaintiffs,

    v.    :    Case No. 3:19-cv-8

KTH PARTS INDUSTRIES, INC.,    :    JUDGE WALTER H. RICE
et. al,

        Defendants.    :

---

DECISION AND ENTRY SUSTAINING MOTION TO DISMISS FOR
LACK OF JURISDICTION OF DEFENDANT KTH LEESBURG
PRODUCTS, LLC (DOC. #7) AND MOTION OF DEFENDANT KTH TO
DISMISS CLAIMS OF PLAINTIFF SHAWN NICHOLS (DOC. #8)

---

Plaintiffs, Justin Baughman ("Plaintiff Baughman"), Shawn Nichols

("Plaintiff Nichols") and Candi Williams ("Plaintiff Williams") (collectively

"Plaintiffs"), have filed a collective and class action Complaint alleging violations

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, et seq., the Ohio

Minimum Fair Wage Standards Act ("the Ohio Wage Act"), Ohio Revised Code

§§ 4111.03 and 4111.08, and the Ohio Prompt Pay Act("OPPA"), Ohio Revised

Code § 4113.15. Doc. #1. The Ohio Wage Act and the OPPA will be referred to

collectively as "the Ohio Acts." Named as Defendants are KTH Parts Industries,

Inc. ("KTH"), an Ohio corporation located in St. Paris, Ohio, and its wholly owned

subsidiary, KTH Leesburg Products, LLC ("KLP"), located in Birmingham, Alabama. *Id.*, PAGEID#5.

This matter is before the Court on the motion of KLP to dismiss it from Plaintiffs' Complaint, pursuant to Fed. R. Civ. P. 12(b)(2), for lack of personal jurisdiction. Doc. #7. Plaintiffs have filed a response in opposition, Doc. #13, and KLP has filed a reply, Doc. #15.

Also, before the Court is the motion of KTH to dismiss the claims of Plaintiff Nichols, pursuant to Fed. R. Civ. P. 12(b)(6), based on his signing of a Voluntary Dispute Resolution and Arbitration Agreement ("Arbitration Agreement" or "Agreement") with Adeco, USA, Inc. ("Adeco"), his alleged employer. Doc. #8. Plaintiffs have filed a response in opposition to the motion, Doc. #14, and KTH has filed a reply, Doc. #16.

## I. Factual Background

### A. Allegations of the Complaint[1]

KTH designs, develops and manufactures automotive parts in St. Paris, Ohio. Doc. #1, PAGEID#4. KLP stamps and welds automotive body sub-component parts in Alabama and supplies these parts to KTH. *Id.*, PAGEID#6. Plaintiffs

---

[1] In responding to Defendants' motions, Plaintiffs assert that they are relying upon the allegations of their Complaint and statements from the KTH website, some of which are incorporated in the Complaint and others referenced in Plaintiffs' response. Doc. #13, PAGEID##3-6; Doc. #14, PAGEID##10-12. Plaintiffs have not included any affidavits with their responses to either of Defendants' motions and have not requested discovery or an evidentiary hearing.

Baughman and Nichols worked at KTH in Ohio, *Id.*, PAGEID#3, and Plaintiff Williams worked at KLP in Alabama. *Id.*, PAGEID# 6.[2] KLP, as a wholly owned subsidiary of KTH, allegedly "conducts business on behalf of KTH." *Id.*, PAGEID#3. The Complaint alleges that Defendants "shared the services of Plaintiffs and other similarly situated employees" and "acted directly or indirectly in the interest of each other." *Id.*, PAGEID#8. According to Plaintiffs, KTH "exercises significant control of KLP by overseeing, controlling, directing and maintaining operations over the production and manufacturing goals." *Id.* PAGEID#6. This control incudes the "promulgation and enforcement of policies affecting the payment of wages and overtime." *Id.*, PAGEID#8.

KTH and KLP are "jointly operated production facilities" located in Ohio and Alabama "with hundreds, if not thousands, of hourly, non-exempt employees subject to a timekeeping system" ("Timeclock Associates"). Violations of the FLSA and the Ohio Acts occur, according to Plaintiffs, because Defendants fail to pay Plaintiffs and the Timeclock Associates for hours worked beyond forty (40) hours "at a rate of at least one and one-half times their regular rate of pay at a minimum. This failure to pay overtime occurs due to "Defendants' rounding policy and/or practice." *Id.* PAGEID#10. As a result of Defendants' allegedly

---

[2] The Complaint also attaches a Consent to Join signed by Julius Burton ("Burton"), who worked at KLP in Alabama, Doc. #1, PAGEID#4. Subsequent to the filing of the Complaint, a Consent to Join was filed by Aukeisha Rogan, Doc. #9, Ruth Halfacre, Doc. #20, and Justin Reich, Doc. #21. It is unknown if these three individuals worked in Ohio or Alabama.

unlawful policies, Plaintiffs, and the Timeclock Associates, are paid for "less than what they actually work." *Id.*, PAGEID#11.

If an employee is hired by KLP in Alabama, this KLP employee is also required to be involved with the KTH Safety Committee. Doc. #1, PAGEID#61. KTH's website lists KLP as part of "our team" and if searching for a job with KLP, the website directs the applicant to the KTH website. *Id.*, PAGEID#7. Finally, Plaintiffs allege that KTH approval was required for a modification in Williams's paycheck, PAGEID#6.

### B. Affidavits from KLP and KTH

KLP has included affidavits from Deverick Williams, the "Manager-Administration" of KLP ("Williams Affidavit"), Doc. #7-1, Andrew Donahoe, the "Senior Manager-Administration" for KTH ("Donahoe Affidavit"), Docs. #7-2 and 8-2, and Rachel Prentiss, the "Manager of Corporate Operations/Onboarding for Adeco. Doc. 8-1

#### 1. Motion to Dismiss of KLP for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2) (Doc. #7)

The Williams Affidavit states, among other things, that KLP has no physical presence in Ohio, is not licensed to do business in Ohio, has no employees in Ohio and does not share hourly non-exempt employees with KTH. Doc. #77-78. KLP has a separate set of policies and procedures, a separate process for recording and paying for actual hours worked and has its own payroll.

Employees' hours are recorded and paid to KLP employees in Alabama. *Id*. The KLP employees are supervised by the KLP management in Alabama. *Id*. KLP, according to the Williams Affidavit, does not jointly employ any members of the putative class with KTH and KLP does not have oversight or control over KTH's hourly non-exempt employees. *Id*. KLP files its own tax returns and tax statements, pays its own taxes, has separate books, financial records and bank accounts from KTH. Finally, of the named Plaintiffs, the only one employed and paid by KLP was Plaintiff Williams. KLP never employed or paid Plaintiffs Baughman or Nichols. *Id*., PAGEID##78 and 79.[3]

Similarly, the Donahoe Affidavit, Doc. #7-2, states that KTH is an Ohio corporation licensed to do business in Ohio, that KLP and KTH are "functionally distinct" from each other and that KTH does not share hourly, non-exempt employees with KLP. *Id*., PAGEID#80. KTH has a separate set of policies and procedures, a separate process for recording and paying for actual hours worked and a payroll process separate from KLP. *Id*., PAGEID#81. The Donahoe Affidavit further states that KTH hourly, non-exempt employees report to KTH management in St. Paris, Ohio, not to KLP in Alabama, and that KTH's own management employees supervise the day-to-day work of KTH's hourly, non-exempt employees. *Id*. KTH, as stated by Donahoe, does not jointly employ any members

---

[3] Burton, who signed a Consent to Join, Doc. #1, PAGEID#4, was assigned to KLP through a staffing agency, Staffmark Holdings, Inc and was employed by them. The staffing agency has its own timekeeping and payroll system separate and apart from KLP. KLP has never issued any payment to Burton

of the putative class with KLP and does not have oversight or control over the day-to-day work of KLP's hourly, non-exempt employees. *Id.* Finally, KTH files its own tax returns and tax statements, pays its own taxes, has separate books, financial records, and bank accounts. *Id.*

### 2. KTH's Motion to Dismiss Claims of Plaintiff Nichols for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #8)

The Prentiss Affidavit states that Adeco is a staffing company located in Jacksonville, Florida, that Plaintiff Nichols was an employee of Adeco, and that KTH is Adeco's client. Doc. #8-1, PAGEID#102.   Plaintiff Nichols was placed with KTH in a temporary position from April 10, 2018 through October 3, 2018. *Id.* During Plaintiff Nichols's time of employment with Adeco, it recorded his hours and made all payments to him. *Id.,* PAGEID#102.

 In order to be considered for employment with Adeco, Plaintiff Nichols completed, signed electronically and returned to Adeco his I-9 form, a Criminal Conviction Questionnaire, Federal W-4 form, applicable State Tax forms and Adecco personnel forms. *Id.,* PAGEID##103-104.  The Prentiss Affidavit also states that on April 9, 2018, the day before Nichols began his temporary assignment at KTH, he electronically signed an Arbitration Agreement. *Id.,* PAGEID#106. The relevant portion of this document stated that Adeco and Plaintiff Nichols agree that

> any and all disputes, claims or controversies arising out of or relating to this Agreement, the employment relationship between the Parties, or the termination of the employment relationship . . . shall be resolved by binding arbitration in accordance with the Employment

> Arbitration Rules of the American Arbitration Association then in effect. . . The agreement to arbitrate includes any Claims that the Company may have against Employee, and/or that Employee may have against the Company, Company client(s), and/or Company. . .

*Id*, PAGEID#110.

The Agreement also prohibited this Plaintiff from filing any claim in a representative capacity or in a class action and waived any right to have any claim covered in the Arbitration Agreement decided by a judge or jury. *Id.* Finally, the Agreement, which Plaintiff Nichols did not opt out of, defined the "Company client" as an "intended third party beneficiary" of the Agreement. *Id.*, PAGEID#111.

> It is understood and agreed by the Parties that the Company's Client(s) and its/their officers, directors, employees, agents, parents, subsidiaries, and/or affiliated entities (collectively, "Third[-]Party Beneficiaries") are intended to be third party beneficiaries to this Dispute Resolution Agreement. Although the Third[-]Party Beneficiaries are not the Employee's employer, any Claim(s) that may be asserted against one or more of the Third[-]Party Beneficiaries arising from or relating to Employee's work assignment at a Client shall be resolved pursuant to this Dispute Resolution Agreement in the same manner as Claim(s) made against Company.

Doc. #8-1, PAGEID#111.

The Donahoe Affidavit, Doc. #8-2, PAGEID#117-118, states that Plaintiff Nichols was employed at Adecco and worked on assignment for Adecco at KTH in Ohio. This affidavit also states that Adecco has its own system for recording and paying actual hours worked and its own payroll system. Plaintiff Nichols, according to the Donahoe Affidavit, was never employed by KTH. *Id.*, PAGEID#118.

**II. Motion to Dismiss for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #7)**

   **A. Standard of Review**

In ruling on a motion to dismiss for lack of personal jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(6), a plaintiff "may not stand on their pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews,* 935 F.2d 1454, 1458 (6th Cir. 1991) (citations omitted). The plaintiff "bears the burden of demonstrating that such jurisdiction exists." *Lexon Ins. v. Devinshire Land Development, LLC*, 573 Fed Appx. 427, 429 (6th Cir. 2014) (citing *Youn v. Track, Inc.,* 324 F.3d 409, 417 (6th Cir. 2003). A court "may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen*, 935 F.2d at 1458.

   If no evidentiary hearing is held, a plaintiff "need only make a *prima facie* showing of jurisdiction." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (internal citation omitted). A plaintiff satisfies a *prima facie* showing of personal jurisdiction by "establishing with reasonable particularity sufficient contacts between [the defendant] and the forum state to support jurisdiction." *Neogen Corp.***,** 282 F.3d 887 (6th Cir.2002) (quoting *Provident Nat'l Bank v. California Fed.*

*Savings Loan Ass'n*, 819 F.2d 434, 437 (3d Cir.1987)).  The plaintiff's burden is "relatively slight and the district court must consider the pleadings and affidavits in the light most favorable to the plaintiff." *American Greetings Corp. v. Conn*, 839 F.2d 1164, 1169 (6th Cir.1988) (internal quotation omitted).  However, the defendant's undisputed factual assertions are considered. *Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citations omitted).  Where discovery is not an issue and "'there does not appear to be any real dispute over the facts relating to jurisdiction,' the *prima facie* 'proposition loses some of its significance.'" *Id.* (quoting *International Technologies Consultants, Inc., v. Euroglas S.A.*, 107 F.3d 386, 391 (6th Cir. 1997).

In reviewing issues of personal jurisdiction, this Court first applies the law of the forum state in which it sits. *American Greetings Corp.*, 839 F.2d at 1169 (6th Cir.1988).  In Ohio, that law is Ohio Revised Code § 2307.382, the "long-arm" statute. This statute lists the specific conduct that may create personal jurisdiction over a non-resident defendant. *Fraley v. Estate of Oeding*, 138 Ohio St. 3d 250, 253, 2014-Ohio-452 6 N.E. 3d 9, at ¶ 14.[4]

Assuming personal jurisdiction exists under Ohio's long-arm statute, the facts must then be analyzed to determine if its application to the facts of the case is in accordance with the Due Process Clause of the Fourteenth Amendment.

---

[4] Ohio Rule of Civil Procedure 4.3, which contains nearly identical language to Ohio Revised Code § 2307.382, permits service of process on non-resident defendants.

*Tharo Sys., Inc. v cab Produkttechnik GmbH & Co. KG*, 196 Fed. App'x 366,369 (6th Cir. 2006) (quoting *Neogen*, 282 F.3d at 888). This two-step analysis is required because the Ohio Supreme Court has held that R.C. § 2307.382 "is not co-terminous with due process." *Id.*, (quoting *Kauffman Racing Equip.*, 126 Ohio St.3d 81, 2010-Ohio-2551, 930 N.E.2d 784, at ¶ 45.). *Internatl. Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny. *Goldstein v. Christiansen*, 70 Ohio St.3d 232, 236, 638 N.E.2d 541 (1994) (holding that Ohio's long-arm statute does not extend to the limits of the Due Process Clause and that the two issues must be analyzed separately.)[5]

In making a determination of whether the exercise of personal jurisdiction is consistent with due process, the court must focus on "the relationship among the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). Additionally, the court must also assess a defendant's contacts with the forum state. *Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (citation omitted).

---

[5] Despite the holding of *Kaufman* and *Goldstein*, Plaintiffs argue that general jurisdiction exists in Ohio under the theories of attribution and/or merger. The Court, however, rejects this argument. *Cole v. Mileti*, 133 F.3d 433, 436 (6th Cir.1998) (citing *Goldstein v. Christiansen*, 70 Ohio St.3d 232, n. 1 (1994), rejecting that the reach of the Ohio long-arm statute was as broad as the constitutional limits of due process and citing *Goldstein*).

**B. Ohio Revised Code § 2307.382, the Long-Arm Statute**

Plaintiffs argue that the Ohio long-arm statute is satisfied because KLP is

"transacting business" in Ohio under Revised Code § 2307.382(A)(1). This is so,

according to Plaintiffs, because the allegations of the Complaint, which are based

on the KTH website, establish that KTH and KLP are essentially joint employers of

the Timeclock Associates and that KTH uses its subsidiaries as its agent and/or

distributor to transact business in Ohio.[6]  In further support of their argument that

KLP is transacting business in Ohio, Plaintiffs assert in their response, Doc. #13,

that the KTH website describes various manufacturing activities, such as

production, stamping, welding and logistics that are performed by "KTH and [the]

KTH Group." This webpage language is significant, according to Plaintiffs,

because KLP also performs these same manufacturing activities in Alabama.  As

authority for their argument that KLP is "transacting any business in Ohio,"

Plaintiffs cite to *Brunner v. Hampson*, 441 F.3d 457, 465 (6th Cir. 2006) and assert

that the Sixth Circuit gives this phrase a "broad interpretation."

KLP argues, however, that Plaintiffs have not made a *prima facie* case for

the exercise of personal jurisdiction because they cannot show that the cause of

action alleged in the Complaint, the failure to pay overtime wages, *arose from*

---

[6] Plaintiffs allege in their Complaint that "KTH uses its subsidiaries [KLP] to do what it otherwise would have done itself." Doc. #1, PAGEID#5.  Plaintiffs repeat this argument in their response. "KTH uses its subsidiaries, including KLP, to access the market in Alabama and do what it otherwise would have done itself." Doc. #13, PAGEID#6.  This argument, however, supports the argument that KTH and KLP are separate entities.

KLP's contacts with Ohio. Specifically, KLP asserts that § 2307.382(C) requires that "[W]hen jurisdiction over a person is based solely upon this section, only a cause of action *arising from* acts enumerated in this section may be asserted against him." In support of this argument, KLP also cites the Court to *Brunner*.

In *Brunner*, the district court dismissed claims against Canadian defendants for injuries resulting from an explosion to two hunters in a Canadian hunting cabin. The Sixth Circuit affirmed the dismissal of the claims for negligence and wrongful death, finding that the Canadian's contacts with Ohio was primarily one of communication or solicitation. The Court noted that while "transacting any business" is to be given a broad interpretation, they would not decide whether the Canadian contact satisfied this element of the long-arm statute, *Brunner*, 441 F.3d at 464 (6th Cir. 2006), because the Court found that plaintiff still had not proven that their claims "arose from" the defendant's contacts with Ohio. "A 'but for' relationship between the solicitation and the injuries clearly exists, but one cannot reasonably say that the solicitations in Ohio were the proximate cause of the fire and explosion at the cabin in Canada. (citations omitted)." *Id*. at 466. Accordingly, while *Brunner* does support the general proposition that a "broad interpretation" is to be given to the meaning of "transacting any business," it requires that the cause of action, in this case the failure to pay overtime, arise from KLP's transacting business in Ohio.

Plaintiffs not only fail to address the "arising from" requirement in the long-arm statute, they also do not identify what "business" KLP conducted in Ohio that

satisfies the "transacting any business" standard found in § 2307.382. Instead, Plaintiffs argue that statements on the KTH webpage, as well as the alleged need for approval from KTH to modify a check for a KLP employee, show that KLP is the "agent, distributor, and/or mere instrumentality of KTH" and that "there is no substantive difference between KTH Parts Industries, Inc. and KLP – KLP is doing business as KTH." Doc. #13, PAGEID#172.[7]  Plaintiffs allegations, however, are refuted by the Williams and Donahoe Affidavits which state that KLP and KTH are separate and functionally distinct businesses in two different states with each having their own books, financial records, policies, procedures and payroll with no sharing of hourly non-exempt employees.[8]

Similarly, Plaintiffs' argument of "joint employment" of KLP and KTH does not assist them in establishing a *prima facie* case of personal jurisdiction. Whether KLP and KTH are "joint employers" under FLSA regulations, for ultimately finding

---

[7] Plaintiffs allege in their Complaint and later argue in their response that because KLP was incorporated after KTH, that KLP must have entered into a "services agreement" with its Ohio parent. Doc. #1, PAGEID#6; Doc. #13, PAGEID#169.  Even assuming that this allegation of a services agreement would be sufficient to satisfy the long-arm statute, without any factual support, it is nothing more than speculation.

[8] Although not specifically argued by Plaintiffs, there are no facts to support that KLP is the alter-ego of KTH, which must be shown in order for a court to exercise personal jurisdiction over a corporate defendant based on its relationship with another corporation.  The Williams and Donahoe Affidavits refute any such alter-ego theory. *Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 361 (6th Cir. 2008) (citing *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 653 (5th Cir. 2000)) ( non-resident parent corporation is amenable to suit in the forum state if the parent company exerts so much control over the subsidiary that the two do not exist as separate entities but are one and the same); *MacDonald v. Navistar* 143 F. Supp. 2d 918,925-926 (no personal jurisdiction exists over non-resident subsidiary based on parent's contacts with Ohio).

liability under 29 C.F.R. § 791.2, is different than whether they should be treated as one and the same for personal jurisdiction purposes. *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944-45 (7th Cir. 2000) ("The fact that a defendant would be liable under a statute if personal jurisdiction over it could be obtained is irrelevant to the question of whether such jurisdiction can be exercised.").

Accordingly, the Court does not have personal jurisdiction over KLP under the Ohio long-arm statute, Revised Code § 2307.382.


### C. Due Process

Because Plaintiffs have failed to establish a *prima facie* case under Ohio's long-arm statute, KLP's motion to dismiss for lack of personal jurisdiction should be sustained. The Court, however, also finds that an exercise of personal jurisdiction of KLP is not supported under due process.  Personal jurisdiction requires Plaintiffs to satisfy a "three-prong test."

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Means v. United States Conference of Catholic Bishops*, 836 F.3d 643, 649 (6th Cir. 2016 (citing *Southern Machine Co. v. Mohasco Industries*, *Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

While the Court is mindful that Plaintiffs need only make a *prima facie* showing of personal jurisdiction, there is simply no factual evidence before this Court to find that KLP has availed itself of the privilege of acting in Ohio or has caused any consequence in Ohio. "'Purposeful availment'. . . is present where the defendant's contacts with the forum state 'proximately result from actions by the defendant himself that create a 'substantial connection' with the forum state....'" *Neogen Corp.*, 282 F.3d at 889 (6th Cir. 2002) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). KLP's "conduct and connection" with Ohio must be such that it "'should reasonably anticipate being haled into court there.'" *Id.* (quoting *Burger King Corp.*, 471 U.S. at 474). The due process standard Plaintiffs must satisfy requires them to show that KLP should be made to defend in Ohio based on its own contact and affiliation with this State and "not based on the 'random, fortuitous, or attenuated' contacts [it] makes by interacting with other persons affiliated with the State." *Walden v. Fiore*, 571 U.S. 277, 286 (2014) (quoting *Burger King Corp.*, 471 U.S. at 475). Plaintiffs have not satisfied the first prong and because they have not articulated the activities of KLP in Ohio, the second and third prong of the due process test have also not been met.

### III. Motion of KTH to Dismiss Claim of Plaintiff Nichols for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #8)

#### A. Standard of Review

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on

its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id.* at 679. In ruling on a Rule 12(b)(6) motion, a court generally only considers the plaintiff's complaint. If, however, "… a plaintiff references or quotes certain documents, … a defendant may attach those documents to its motion to dismiss, and a court can then consider them in resolving the Rule 12(b)(6) motion without converting the motion to dismiss into a Rule 56 motion for summary judgment." *Watermark Senior Living Retirement Communities, Inc. v Morrison Management Specialists, Inc.*, 905 F. 3d 421, 425 (6th Cir. 2018) (quoting *In re Omnicare, Inc. Sec. Litig., (Omnicare III)*, 769 F.3d 455, 466 (6th Cir. 2014).

When a party asserts that a claim is subject to compulsory arbitration, the issue is not one of subject matter jurisdiction but whether a claim has merit and "is more properly construed as a motion to dismiss under Rule 12(b)(6)." *Teamsters Local Union 480 v. United Parcel Service, Inc.*, 748 F.3d 281, 286 (6th Cir. 2014 (subject matter jurisdiction existed under the Labor Management

Relations Act but motion alleging failure to exhaust internal grievance process under collective bargaining agreement is a 12(b)(6) claim.) Moreover, if all claims in an agreement are referred to arbitration, then the case may be dismissed. *Stout v. J.D. Byrider*, 228 F.3d 709,714 (6th Cir. 2000); *Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (rejecting the argument that § 3 requires a stay instead of dismissal). "The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)).

### B.  Legal Analysis

KTH has filed a Rule 12(b)(6) motion to dismiss, Doc. #8, pursuant to the FAA.  In support of its motion, KTH has submitted the Prentiss Affidavit, which includes the Arbitration Agreement signed by Adeco and Plaintiff Nichols. Doc. #8-1, PAGEID##101-110. The Prentiss Affidavit states that Plaintiff Nichols was the employee of Adeco and that he voluntarily signed a number of employment documents, including the Agreement.  KTH asserts that not only did Plaintiff Nichols agree to arbitrate any claims that he might have against Adeco, defined in the Agreement as "the Company," but he also agreed to arbitrate any claims that he might have against KTH, defined in the Agreement as the "Company client(s)" and an intended third-party beneficiary. Doc. #8, PAGEID#89.  Finally, KTH argues that the Arbitration Agreement only permits the Adeco employee to assert claims

in an individual capacity, thus barring any participation in a class action or representative proceeding.

Because of the "liberal federal policy favoring arbitration agreements," *AT&T Mobility LLC v. Conception*, 563 U.S. 333 (2011) (citing *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983), and because all of the claims in the Complaint are arbitrable, KTH argues that the Arbitration Agreement should be enforced and Plaintiff Nichols's claims dismissed.  *Id.*, PAGEID#92.

In response to the motion to dismiss, Plaintiffs do not contest that Plaintiff Nichols signed the Arbitration Agreement, that it states that he was the employee of Adeco and that KTH was a third-party beneficiary.  Instead, Plaintiffs assert that KTH and KLP are "joint employers" under the FLSA and are responsible for complying with the Act. Doc. #14, PAGEID##187-192.  As such, Plaintiffs request that the Court "deny KTH's Motion at this time and permit it to renew the motion once the parties have had the opportunity to complete discovery."  *Id.*, PAGEID#183.  Plaintiffs do not specify what discovery they need.

In deciding KTH's motion to dismiss under Fed. R. Civ. P. 12(b)(6) and the FAA, this Court must consider the following: (1) whether the parties agreed to arbitrate; (2) the scope of that agreement; (3) whether Congress intended that the FLSA claims are arbitrable; and (4) after determining if some, but not all, of the claims are subject to arbitration, whether to stay the remainder of the proceedings pending arbitration. *Stout,* 228 F.3d at 709.

Based on the language of the Arbitration Agreement, Adeco and Plaintiff Nichols agreed to arbitrate any claim arising out of his temporary employment with KTH. The claims at issue in the Complaint, however, are not directed against Adeco but KTH, a non-signatory.[9] The Court finds, however, based on the clear language of the Agreement, that KTH was an intended third-party beneficiary. *Mergenthal v. Star Banc Corp.*, 122 Ohio App. 3d 100, 104, 701 N.E.2d 383 (1997) (only intended and not incidental third parties can claim status of intended third party beneficiaries); *Galvan v. Michael Kors USA Holdings, Inc.*, No. 16-07379-BRO, 2017 BL 18480, 2017 U.S. Dist. LEXIS 9059 (C.D. Cal. Jan. 19, 2017) (finding that Adeco client was third-party beneficiary under Adeco arbitration agreement and plaintiff's employment-related claims brought against this client are subject to arbitration). Additionally, there is no dispute that the class action waiver in the Agreement is valid. *Gaffers v. Kelly Servs., Inc.*, 900 F.3d 293 (6th Cir. 2018) (holding that individual arbitration agreements do not conflict with the FLSA's collective-action guarantees).

Because the language of the Arbitration Agreement refers to "all disputes, claims or controversies arising out of or relating to this Agreement," both the claims under the FLSA and the Ohio Acts are subject to compulsory arbitration.

Therefore, the motion to dismiss the claim of Plaintiff Nichols is dismissed for failure to state a claim upon which relief can be granted.

---

[9] Although Plaintiffs' Complaint also asserts claims against KLP, the Court has determined that it cannot exercise jurisdiction as to this Alabama company.

**IV. Conclusion**

For the reasons set forth above, the Motion to Dismiss, Doc. # 7, the Collective and Class Action Complaint, Doc. #1, as to KLP for lack of personal jurisdiction, is SUSTAINED. The Court also sustains KTH's Motion to Dismiss Plaintiff Shawn Nichols's Claims against it, Doc. 8, compels arbitration in accordance with the Arbitration Agreement in the county where Plaintiff Nichols was last employed and DISMISSES his claims WITH PREJUDICE.

The claims of Plaintiff Baughman, an employee of KTH, against KTH, and the claims of Plaintiff Williams, an employee of KLP, remain pending against KTH.

Date: April 10, 2020

/s/ Walter H. Rice (tp - per Judge Rice authorization)
WALTER H. RICE
UNITED STATES DISTRICT JUDGE