# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Justin Baughman and Austin Fields, *et al.*, | * |
| | * |
| On behalf of themselves and those similarly situated, | Case No. 3:19-cv-8 |
| | * |
| | Judge Walter H. Rice |
| Plaintiffs, | * |
| | JURY DEMAND ENDORSED HEREON |
| v. | * |
| | |
| KTH Parts Industries, Inc., | * |
| | |
| Defendant. | * |

## PLAINTIFFS' FIRST AMENDED COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now come Plaintiffs Justin Baughman ("Plaintiff Baughman" or "Baughman") and Austin Fields ("Plaintiff Fields" or "Fields") (collectively herein as "Plaintiffs" or "Named Plaintiffs"), by and through undersigned counsel, individually and on behalf of other members of the general public similarly situated, for their First Amended Collective and Class Action Complaint against KTH Parts Industries, Inc. ("KTH") for its failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15; and Ohio's Recordkeeping laws, Ohio Rev. Code §§ 4111.08, 4111.14(G) & (H), and Article II, Section 34a of the Ohio Constitution ("Ohio's Recordkeeping laws")  (the Ohio Wage Act, the OPPA, and Ohio's Recordkeeping laws will be referred to collectively as "the Ohio Acts"). Named Plaintiffs' FLSA claims are asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Acts claims are asserted as a

class action under Rule 23. The following collective and class action allegations are based on personal knowledge as to the Named Plaintiffs' own conduct, Defendant's own business records, and are made on information and belief as to the acts of others. Named Plaintiffs, individually and on behalf of others similarly situated, hereby state as follows:

## I. JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. §1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Southern District of Ohio, KTH has its principal place of business and/or KTH otherwise conducted substantial business in the Southern District of Ohio.

## II. FACTUAL ALLEGATIONS

### A. Named Plaintiff Justin Baughman

4. Plaintiff Baughman is an individual, United States citizen, and resident of this judicial district.

5. Baughman worked as an hourly, non-exempt "employee" of Defendant as defined in the FLSA and the Ohio Acts primarily in the position of crane operator in or around November, 2016 until March, 2018. He also worked in KTH's welding department as an hourly, non-exempt employee.

6. At all times relevant, Baughman primarily performed non-exempt duties for Defendant.

7. Plaintiff's Consent to Join Form has already been filed with the Court on January 8, 2019.[1]

### B. Named Plaintiff Austin Fields

8. Plaintiff Austin Fields is an individual, United States citizen, and resident of Logan County, Ohio.

9. Fields has worked as an hourly, non-exempt "employee" of Defendant KTH as defined in the FLSA and the Ohio Acts in the position of production associate beginning in or around November, 2016 and continuing through August, 2018.

10. At all times relevant, Fields primarily performed non-exempt duties for Defendant KTH.

11. Plaintiff Fields' Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

### C. Defendant KTH

12. At all times relevant, KTH is a domestic for-profit corporation authorized to do business in Ohio and conducts business in this judicial district.

13. KTH designs, develops, and manufactures automotive parts, starting with raw material to the blanking, laser welding, stamping, spot welding, and delivery to its customers.

14. KTH accomplishes these goals by basing its primary business operations located at 1111 North State Route 235, PO Box 0940, St. Paris, Ohio 43072 ("St. Paris Facility").

---

[1] *See* ECF No. 1-1, Consent to Join Form of Justin Baughman.

Page **3** of **17**

15. As a result, at all times relevant, KTH was also an "employer" as that term is defined by the FLSA and the Ohio Acts due to its employment of Plaintiffs and those similarly situated as described herein.

16. Upon information and belief, Defendant operated/operate and control an enterprise and employs employees engaged in commerce or in the production of goods for commerce, or have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and Defendant has had an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

17. Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and, for Defendant KTH, the laws of the State of Ohio.

### III. COLLECTIVE AND CLASS ACTION ALLEGATIONS

**(Failure to Pay for Time Spent Working Beyond Scheduled Shift)**

18. Defendant has a policy whereby it only compensates its employees for their scheduled shifts rather than for all of the time it suffered or permitted its employees to work for several reasons.

19. When Plaintiffs and similarly situated employees arrived at the worksite, they are required to put on personal protective equipment ("PPE") such as sleeves, gloves, eye protection, and a uniform. The PPE is required for Plaintiffs and similarly situated employees to perform their job duties and to encourage workplace safety. Donning PPE is the first principal activity performed by Plaintiffs and other similarly situated employees for each workday.

20. However, they have to don PPE prior to clocking in, so none of that time is captured by Defendant's timeclock system, resulting in unpaid overtime compensation because it does not compensate its employees for any such time.

21. After they have donned their PPE, Plaintiffs and similarly situated employees "punch" in/clock in[2] with a personal identification code on the timeclock system, which is located immediately in front of the factory floor door. After they clock in, they proceed to perform our job duties on the factory floor for KTH.

22. For example, Plaintiffs and similarly situated employees walk to their workstations, meet with the shift supervisor(s), and set up the lines (i.e. cleaned out work area, organized parts, and changed out weld tips on the robots they use to weld parts).

23. In addition, Plaintiffs and similarly situated employees regularly had a group meeting that usually occurred a few minutes *before* the start of their shift. At the meetings, Plaintiffs and similarly situated employees were told their production goals, news/updates with anything that supervisor wanted to go over, safety reminders, and other miscellaneous instructions. They were instructed that their machines should be running for production at the start of our shifts, so Plaintiffs and similarly situated employees had to perform the preparatory work described above prior to the start of production.

24. Plaintiffs regularly observed other similarly situated employees perform the same or similar job duties prior to the start of their shifts across various departments/sub-departments clock in and also proceed to begin working as described herein because the factory floor is a large open floor visible to everyone.

---

[2] For all intents and purposes of this declaration, the terms "punch in" and "clock in" are used interchangeably and have the same meaning herein. In addition, the terms "punch" out and "clock out" also are used interchangeably and have the same meaning.

25. Once Plaintiffs and similarly situated employees were clocked in, they continued working with the exception of a meal break. KTH required the workers to take a meal break of 0.5 hours each day. However, Plaintiffs and others were not required to clock out for the meal break.

26. After the meal break, Plaintiffs and other similarly situated employees continued performing their job responsibilities on the factory floor until they clocked out. Once clocked out, Plaintiffs and other similarly situated employees were finished performing their job duties inside of the factory and exit the factory floor. However, Defendant only compensates its employees for their scheduled shift even though during one or more workweeks Plaintiffs and other similarly situated employees continue working beyond their scheduled shifts as reflected on their time clock records.

27. Defendant's polices and/or practices of only compensating its employees for their scheduled shifts rather than for all of the time they are working as described above apply to all of its hourly, non-exempt production workers at its St. Paris Facility.

28. Defendant arbitrarily failed to count this work performed by Plaintiffs and other similarly situated employees as "hours worked." Instead, Defendant counted "hours worked" as the scheduled shifts rather than for all of the time spent working on behalf of Defendant.

29. Plaintiffs and other similarly situated employees performed this unpaid work every workday and it constituted part of their fixed and regular working time.

30. Defendant is in possession and control of necessary documents and information from which Plaintiffs and the putative class members would be able to calculate their on-the-clock damages. In addition, Plaintiffs estimate that they perform additional off-the-clock work each day when they don their PPE.

31. This unpaid work performed by Plaintiffs and other similarly situated employees was practically ascertainable to Defendant.

32. There was no practical administrative difficulty of recording this unpaid work of Plaintiffs and other similarly situated employees. Defendant could have precisely recorded all time worked for payroll purposes simply by allowing Plaintiffs and other similarly situated employees to clock in each day upon arrival at the entrance of Defendant's St. Paris Facility before they began donning their PPE up through and including when they clocked out each workday as described above.

33. This unpaid work performed by Plaintiffs and other similarly-situated employees constituted a part of their principal activities, was required by Defendant, and was performed for Defendant's benefit.

34. Moreover, this unpaid work was an integral and indispensable part of other principal activities performed by Plaintiffs and other similarly-situated employees.  They cannot perform their work without first donning PPE each day.

35. Defendant knowingly and willfully failed to pay Plaintiffs and other similarly-situated employees for time spent working beyond their scheduled shifts as described herein.

36. As a result of Defendant's common policy and/or practice of only compensating its employees for their scheduled shifts rather than for all of the time spent working, Plaintiffs and other similarly situated employees have not been paid for all hours worked, resulting in overtime damages in one or more workweeks when they worked at least 40 hours during their employment.

37. Upon information and belief, for the three years preceding the initial Complaint, Defendant applied the same pay practices and policies to all hourly, non-exempt employees at the St Paris Facility, including Named Plaintiffs.

**A. 216(b) Collective Action for Unpaid Overtime Wages.**

38. Plaintiffs bring Count One of the action on their own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct.

39. The class which Plaintiffs seek to represent and for whom Plaintiffs seek the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiffs themselves are members, is composed of and defined as follows:

> All current and former hourly, non-exempt production employees of Defendant who performed at least 40 hours of work in any workweek beginning January 8, 2016 and continuing through the date of judgment. (the "§216(b) Class" or the "§216(b) Class Members").

40. Plaintiffs are unable to presently state the exact size of the potential class, but upon information and belief aver that it consists of several hundred individuals.

41. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiffs, numerous current and former production employees are similarly situated with regard to their wages and claims for unpaid wages and damages. Plaintiffs are representative of those other employees and are acting on behalf of their interests, as well as their own, in bringing this action.

42. These similarly-situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action, and allowed to opt in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

**B. Fed.R.Civ. P. 23 Class Action for Unpaid Overtime Wages.**

43. Plaintiffs bring their Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of themselves and all other members of the following class:

> All current and former hourly, non-exempt production employees of Defendant who performed at least 40 hours of work in any workweek beginning January 8, 2017 and continuing through the date of judgment. (the "Rule 23 Class" or the "Rule 23 Class Members").

44. The Rule 23 Class includes all production associates employed by Defendant who worked in the State of Ohio during the relevant time period above.

45. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

46. Plaintiffs are each members of the Rule 23 Class and their claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

47. Plaintiffs will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

48. Plaintiffs have no interests that are antagonistic to or in conflict with those interests of the Rule 23 Class that they have undertaken to represent.

49. Plaintiffs have retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

50. Questions of law and fact are common to the Rule 23 Class.

51. Class certification is appropriate under Fed. R. Civ. P. 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to its non-exempt production employees.

52. Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) as Defendant acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Rule 23 Class as a whole.

53. Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) as the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

54. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to: (a) whether Defendant violated the Ohio Wage Act by failing to pay the Rule 23 Class for hours worked in excess of forty hours per week; (b) whether Defendant kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendant's violations of the Ohio Wage Act were knowing and willful; (d) what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Plaintiffs and other members of the Rule 23 Class on account of Defendant's violations of the Ohio Wage Act; (e) whether the unpaid and/or withheld compensation remained unpaid in violation of the OPPA; and (f) what amount of prejudgment interest is due to Rule 23 Class members on the overtime or other compensation which was withheld or not paid to them.

55. A class action is superior to individual actions for the fair and efficient adjudication of Plaintiffs' claims and will prevent undue financial, administrative and procedural burdens on the parties and the Court. Plaintiffs and counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendant to vindicate their rights.

Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV. CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME)

56. All of the preceding paragraphs are realleged as if fully rewritten herein.

57. This claim is brought as part of a collective action by the Named Plaintiffs on behalf of themselves and the §216(b) Collective Class Members against Defendant.

58. Defendant's practice and policy of not paying Plaintiffs and other similarly-situated employees for work performed before they were on-the-clock after performing the integral and indispensable startup each day violated the FLSA, 29 U.S.C. § 207, 29 CFR § 785.24.

59. Further, Defendant's practice and policy of not paying Plaintiffs and other similarly situated employees overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked outside of their scheduled shifts violates the FLSA during workweeks when they worked over 40 in one or more workweeks of their employment.

60. Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Plaintiffs and other similarly-situated employees violated the FLSA, 29 CFR 516.2(a)(7).

61. By engaging in the above-mentioned conduct, Defendant willfully, knowingly and/or recklessly violated the provisions of the FLSA.

62. As a result of Defendant's practices and policies, Plaintiffs and other similarly-situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

63. The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiffs and the §216(b) Class Members is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

64. Named Plaintiffs seek unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves, and the §216(b) Class Members.

## COUNT II
### (O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME)

65. All of the preceding paragraphs are realleged as if fully rewritten herein.

66. This claim is brought under Ohio law.

67. Plaintiffs and the Rule 23 Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under Ohio law.

68. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek, "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1).

69. While employed by Defendant, Plaintiffs and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under O.R.C. § 4111.03, but were not fully paid overtime wages for all such hours spent working as outlined above.

70. As a result of Defendant's company-wide corporate policies, it failed to pay Plaintiffs and the Rule 23 Class Members all overtime wages earned resulting in unpaid overtime.

71. Plaintiffs and the Rule 23 Class were not exempt from the wage protections of Ohio law.

72. Defendant's repeated, knowing failure to pay overtime wages to the Plaintiffs and the Rule 23 Class Members were violations of O.R.C. §4111.03, and as such, Defendant willfully withheld and failed to pay the overtime compensation to which Plaintiffs and the Rule 23 Class Members are entitled.

73. For Defendant's violations of O.R.C. §4111.03, Plaintiffs and the Rule 23 Class Members have suffered and continue to suffer damages. Plaintiffs seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available, on behalf of themselves and the Rule 23 Class Members.

## COUNT III
**(O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)**

74. All of the preceding paragraphs are realleged as if fully rewritten herein.

75. Plaintiffs and the Rule 23 Class Members have been employed by Defendant.

76. During relevant times, Defendant was an entity covered by the OPPA and Plaintiffs and the Rule 23 Class Members have been employed by Defendant within the meaning of the OPPA.

77. The OPPA requires that the Defendant pay Plaintiffs and the Rule 23 Class Members' all wages, including unpaid overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

78. During relevant times, Plaintiffs and the Rule 23 Class Members were not paid all wages, including overtime wages at one and one-half times their regular rate within thirty (30) days of performing the work. *See* O.R.C. § 4113.15(B).

79. Plaintiffs and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

80. In violating the OPPA, Defendant acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio law.

## COUNT FOUR
### (VIOLATIONS OF OHIO'S RECORDKEEPING LAWS)

81. All of the preceding paragraphs are realleged as if fully rewritten herein.

82. Ohio Rev. Code §§ 4111.08, 4111.14(G) & (H), and Article II, Section 34a of the Ohio Constitution require employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See also*, 29 C.F.R. §§ 516.2 *et seq*.

83. During times material to this complaint, Defendant was a covered employer, and required to comply with the Ohio's Recordkeeping laws.

84. Plaintiffs and the Rule 23 Class Members were covered employees entitled to the protection of Ohio's Recordkeeping laws.

85. During times material to this complaint, Defendant violated Ohio's Recordkeeping laws with respect to Plaintiffs and the Rule 23 Class Members by failing to properly maintain accurate records of all hours Plaintiffs and the Rule 23 Class Members worked each workday and within each workweek.

86. In violating Ohio's Recordkeeping laws, Defendant acted willfully and with reckless disregard of clearly applicable recordkeeping provisions.

## V. PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiffs request judgment against Defendant and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the §216(b) Class apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C. Certifying the proposed Rule 23 Class under Ohio law;

D. Finding that Defendant has failed to keep accurate records in accordance with the FLSA and Ohio law, Plaintiffs, the 216(b) Class Members and the Rule 23 Class Members are entitled to prove their hours worked with reasonable estimates;

E. A declaratory judgment that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

F. An order for injunctive relief ordering Defendant to end all of the illegal wage policy and practice alleged herein pursuant to the FLSA and attendant regulations and requiring Defendant to follow such laws going forward;

G. Judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiffs and the §216(b) Class during the applicable statutory period under the FLSA and continuing through trial;

H. Judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiffs and all other similarly situated employees during the applicable statutory period under the FLSA and continuing through trial;

I. Awarding to Plaintiffs and the Rule 23 Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by Ohio law, including but not limited to the OPPA;

J. Awarding Plaintiffs, the FLSA Class Members, and the Rule 23 Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

K. Issuing an injunction prohibiting Defendant from engaging in present, ongoing and future violations of Ohio Law;

L. Directing Defendant to pay reasonable attorney's fees and all costs connected with this action;

M. Leave to add additional plaintiffs;

N. Judgment for all civil penalties to which Named Plaintiffs and all other similarly situated employees may be entitled; and

O. Such other and further relief as to this Court may deem necessary, just or proper.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com

**BRYANT LEGAL, LLC**

*/s/ Daniel I. Bryant*
Daniel I. Bryant (0090859)
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-704-0546
Fax: 614-573-9826
Email: dbryant@bryantlegalllc.com

*Attorneys for Named Plaintiffs and those similarly situated*

## JURY DEMAND

Plaintiffs request a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of May, 2020, a true and accurate copy of the forgoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman
