IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| JUSTIN BAUGHMAN, et al, on behalf of himself and those similarly situated | : | |
| Plaintiffs, | : | Case No. 3:19-cv-8 |
| v. | | JUDGE WALTER H. RICE |
| KTH PARTS INDUSTRIES, INC., | : | |
| Defendant. | | |

---

DECISION AND ENTRY SUSTAINING DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' DONNING AND DOFFING CLAIMS (DOC. #31); DISMISSAL OF THESE CLAIMS IS WITHOUT PREJUDICE; PLAINTIFFS GRANTED LEAVE TO FILE SECOND AMENDED COMPLAINT WITHIN 14 DAYS OF THIS DECISION AND ENTRY SUBJECT TO THE STRICTURES OF FED R. CIV. P. 11

---

Defendant, KTH Parts Industries, Inc, ("KTH"), has filed a "Partial Motion to Dismiss Plaintiffs' Donning and Doffing Claims," Doc. #31, ("motion to dismiss") pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs have filed a response in opposition, Doc. #39, KTH has filed a reply, Doc. #41, and Plaintiffs have filed a sur-reply, Doc. #42. The matter is now ripe for consideration.

## I. Allegations of the First Amended Complaint, Doc. #26

For purposes of ruling on KTH's motion to dismiss, the factual allegations in the First Amended Collective and Class Action Complaint for Violations of the Fair

Labor Standards Act and Ohio Law, ("First Amended Complaint"), Doc. #26, are assumed to be true.

KTH is an Ohio corporation located in St. Paris, Ohio. It designs, develops and manufactures automotive parts. Doc. #26, PageID#431. The work at KTH begins with the processing of raw material in the blanking department followed by laser welding, stamping, spot welding and delivery of the product. *Id.* Plaintiff, Justin Baughman, ("Baughman"), worked at KTH in the position of crane operator from approximately November, 2016 until March, 2018 and in KTH's welding department. *Id.*, PageID##430. Plaintiff, Austin Fields, ("Fields") worked as a production associate from approximately November, 2016 until August, 2018. *Id.*, PageID#431. Both Baughman and Fields were hourly, non-exempt employees of Defendant, as defined in the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq., and as defined under the Ohio Constitution and state law.[1] Plaintiffs bring the action individually as well as on behalf of other similarly situated employees of KTH.

KTH compensated Plaintiffs and its hourly, non-exempt employees based on their "scheduled shifts rather than for all of the time they are working." *Id.*,

---

[1] In addition to alleging violations under the FLSA, the First Amended Complaint also alleges violations under the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15; and Ohio's Recordkeeping laws, Ohio Rev. Code §§ 4111.08, 4111.14(G) & (H), and Article II, Section 34a of the Ohio Constitution ("Ohio's Recordkeeping laws"). The alleged violations of the Ohio Constitution and state law are referred to in the First Amended Complaint collectively as "the Ohio Acts."

PageID#434. Plaintiffs allege that they and other similarly situated employees were denied overtime compensation for time spent donning and doffing personal protective equipment ("PPE"). The relevant factual allegations concerning Plaintiffs' donning and doffing claims are set forth below.

> 19. When Plaintiffs and similarly situated employees arrived at the worksite, they are required to put on personal protective equipment ("PPE") such as sleeves, gloves, eye protection, and a uniform. The PPE is required for Plaintiffs and similarly situated employees to perform their job duties and to encourage workplace safety. Donning PPE is the first principal activity performed by Plaintiffs and other similarly situated employees for each workday.
>
> 20. However, they have to don PPE prior to clocking in, so none of that time is captured by Defendant's timeclock system, resulting in unpaid overtime compensation because it does not compensate its employees for any such time.

*Id.*, PageID##432-434.

After donning the PPE, the employee clocks in using a personal identification code on the timeclock that is located immediately in front of the factory floor door and begins work on the factory floor. *Id.*, PageID#433. After the employees clock out, they are finished performing their job duties and exit the factory floor. *Id.*, PageID#434. Plaintiffs allege that even though the employees continue working beyond their scheduled shifts, as reflected on the time clock records, they are only compensated for their scheduled shift. *Id.*

## II. Standard of Review

Federal Rule of Civil Procedure 8(a) provides that a complaint must contain

"a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must provide the defendant with "fair notice of what the. . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal of a complaint on the basis that it "fail[s] to state a claim upon which relief can be granted." The moving party bears the burden of showing that the opposing party has failed to adequately state a claim for relief. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citing *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991)). The purpose of a motion to dismiss under Rule 12(b)(6) "is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). In ruling on a 12(b)(6) motion, a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Handy-Clay v. City of Memphis,* 695 F.3d 531, 538 (6th Cir. 2012) (quoting *Treesh*, 487 F.3d at 476).

Nevertheless, to survive a motion to dismiss under Rule 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Unless the facts alleged show that the plaintiff's claim crosses "the line from conceivable to plausible, [the] complaint must be dismissed." *Id.* Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic

recitation of the elements of a cause of action." *Id.* at 555. "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Legal conclusions "must be supported by factual allegations" that give rise to an inference that the defendant is, in fact, liable for the misconduct alleged. *Id*. at 679.

## III. Legal Analysis

### A. Introduction

The issue before this Court is whether the First Amended Complaint alleges a compensable donning and doffing claim under the FLSA and the Ohio Acts. Defendant argues that Plaintiffs' donning and doffing claim must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) since the First Amended Complaint does not allege that a law, a rule or the nature of the work require that the donning and doffing need to occur on KTH's premises and that it cannot be done at home. In support of its motion to dismiss Plaintiffs' donning and doffing claims, Defendant cites to two cases from the Ninth Circuit, *Bamonte v. City of Mesa*, 598 F.3d 1217 (9th Cir. 2010) and *Huff v. City of Los Angeles*, 468 Fed. Appx. 773 (9th Cir. 2012). Defendant argues that these two cases and a May 31, 2006, Department of Labor ("DOL") memorandum, ("2006 DOL Memorandum"), cited in *Bamonte*, require dismissal of these claims.

In response to Defendant's motion, Plaintiffs assert that they have a compensable donning and doffing claim under the FLSA and that KTH's case

authority is "non-binding" on this Court and predates the Supreme Court "integral and indispensable test" announced in *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 36, 135 S.Ct. 513, 519 (2014). They argue that Defendant's motion should be overruled, because their First Amended Complaint alleges that (1) after they arrive at KTH they are required to put on PPE[2]; (2) the PPE is required to perform their job duties and to encourage workplace safety; and (3) the donning and doffing of the PPE was "integral and indispensable" to their principal employment activities. Doc. #26, PageID##432, 435, 439. They further contend that 29 C.F.R. § 1910.132, the federal regulation regarding compliance with the Occupational Safety and Health Administration ("OSHA") of the DOL, requires PPE. Finally, they argue that KTH's argument that the donning and doffing must occur at the worksite imposes a "heightened standard" in pleading that is not required.

For the reasons set forth below, the Court sustains Defendant's motion to dismiss Plaintiffs' donning and doffing claim and grants Plaintiffs leave to amend their Complaint within 14 days of the filing of this Decision and Entry, subject to the strictures of Fed. R. Civ. P. 11.

---

[2] Plaintiffs allege that the PPE consists of "shoes, gloves, eye protection and a uniform." Doc. #26, PageID#432.

### B. To State a Donning and Doffing Claim Upon Which Relief Can be Granted Under the FLSA and Ohio Law, a Plaintiff Must Allege Facts that the PPE Can Only be Donned and Doffed at Work and Not at Home and that the Required PPE is Not "Clothing," as Defined by *Sandifer v U.S. Steel,* 571 U.S. 220 (2014)

The FLSA requires employers to pay employees for each hour worked in excess of 40 hours per week at a rate of one and a half times the employees' regular wages, 29 U.S.C. § 207(a). Because "work" was not defined by Congress in the FLSA and was interpreted broadly by the courts, the FLSA was amended in 1947 by the Portal-to-Portal Act, 29 U.S.C. § 251 et seq. Under this amendment, employers are exempted from overtime liability for employee activities that are considered preliminary to or postliminary to the employee's principal activity or activities. *Integrity Solutions*, 574 U.S. at 32-33. Despite this amendment, donning and doffing claims can be compensable under the FLSA.

In *Steiner v. Mitchell*, 350 U.S. 247, 252–253, 76 S.Ct. 330 (1956), the Supreme Court considered a donning and doffing claim involving workers in a battery production plant. As a result of their work, the employees were exposed to toxic and caustic material and were required to shower and change clothes at the end of each shift. The Court held that "activities performed either before or after the regular work shift, on or off the production line, are compensable under the portal-to-portal provisions of the Fair Labor Standards Act, if those activities are an integral and indispensable part of the principal activities . . ." *Id.* at 256. The Supreme Court concluded that "it would be difficult to conjure up an instance

where changing clothes and showering are more clearly an integral and indispensable part of the principal activity of the employment than in the case of these employees." *Id*. Similarly, in *Mitchell v. King Packing Co*., 350 U.S. 260 (1956), the Court found that time spent by slaughterhouse employees to sharpen knives before or after work or during their lunch break was integral and indispensable to their principal activities and compensable under the portal-to-portal provisions of the FLSA.

In 2014, the Supreme Court decided *Integrity Staffing* and examined whether a work activity that involved security screenings for hourly warehouse workers that occurred post-shift were "integral and indispensable" and thus compensable under the FLSA, as amended by the Portal-to-Portal Act. In reversing the Ninth Circuit and holding that the security screenings were "noncompensable postliminary activities," the Court stated that security screenings were not "an intrinsic element of retrieving products from warehouse shelves or packaging them for shipment. And Integrity Staffing could have eliminated the screenings altogether without impairing the employees' ability to complete their work." *Id*. at 35. The Supreme Court noted that "focusing on whether an employer required a particular activity" or whether the activity "is for the benefit of the employer" was error. *Id*. at 36.[3]

---

[3] In *Franklin v. Kellogg Co*., 619 F.3d 604 (6th Cir. 2010), a case involving donning and doffing of mandatory food safety uniforms, protective equipment and for time spent walking to and from the changing area and time clock, the Sixth Circuit adopted a three-part test to determine if the employee's activity was "integral and indispensable." The

Plaintiffs argue that because they have pled that the donning and doffing of the PPE is required by KTH and is "integral and indispensable" to their activities as employees, they have stated a donning and doffing claim under the FLSA. Under 29 U.S.C. § 203(o)[4] of the FLSA, however, time spent putting on "clothes" is excluded from the definition of "work," unless it is agreed to in a collective bargaining agreement. As an exclusion under the FLSA, Plaintiffs bear the burden of proof. *Franklin v. Kellogg Co.*, 619 F.3d at 611-612 (because the "changing clothes" provision is under the definitions set forth in § 203, the plaintiff bears the burden to prove that the time should not be excluded under § 203(o)).

In *Sandifer v U.S. Steel Corp.*, 571 U.S. 220, 134 S.Ct. 870 (2014), the Court examined the meaning of § 203(o) of the FLSA and the issue of whether PPE was "clothing." The plaintiff argued that due to hazards at the steel plants they were required to wear PPE and were entitled to backpay for the time spent donning and doffing this equipment. U.S. Steel contended that the donning and doffing of PPE constituted "changing clothes" under the FLSA and was excluded by a custom or

---

test included whether the employer required or benefitted from the employee activity, two parts later rejected by *Integrity Staffing*. The only part of the *Franklin* test that remains after *Integrity Staffing* is whether an activity is "necessary" for an employee to complete their duties.

[4] § 203(o) Hours Worked.— In determining for the purposes of sections 206 and 207 of this title the hours for which an employee is employed, there shall be excluded any time spent in changing clothes or washing at the beginning or end of each workday which was excluded from measured working time during the week involved by the express terms of or by custom or practice under a bona fide collective-bargaining agreement applicable to the particular employee.

practice of non-compensation in connection with the collective-bargaining agreements. In affirming the defendant's motion for summary judgment, the Supreme Court held that time spent by steelworkers in the donning or doffing of their flame-retardant jacket, pants, hood, hardhat, snood, wristlets, work gloves, leggings, and metatarsal boots, "the protective gear at issue," "qualifies as 'changing clothes' within the meaning of § 203(o)."[5] *Id.* at 879

In *Bamonte*, 598 F.3d 1217, a case relied upon by KTH, police officers sought compensation for uniforms and related gear that were donned and doffed at home. They argued that the donning and doffing was integral and indispensable to their principal activities as police officers. The district court granted the defendant's motion for summary judgment and the Ninth Circuit affirmed finding that the plaintiffs donning and doffing claim was not compensable pursuant to the FLSA as amended by the portal-to-portal provisions. In reaching its decision, the *Bamonte* court relied on a 2006 DOL Memorandum finding that it was entitled to deference under *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161 (1944) (rulings, interpretations and opinions of the Administrator under the FLSA, while not controlling, "constitute a body of experience and

---

[5] The Court in *Sandifer* determined that glasses, earplugs and a respirator were not "clothing" but agreed with the District Court that "'the time expended by each employee donning and doffing' safety glasses and earplugs 'is minimal,' (citation omitted)." *Id.* at 235-236. The Court also agreed with the District Court that respirators "'are kept and put on as needed at job locations' which would render the time spent donning and doffing them part of an employee's normal workday and thus beyond the scope of § 203(o)." *Id.*

informed judgment to which courts and litigants may properly resort for guidance."). *Id.* at 140. The 2006 DOL Memorandum stated that

> donning and doffing of required gear is within the continuous workday only when the employer or the nature of the job mandates that it take place on the employer's premises. It is our longstanding position that if employees have the option and ability to change into the required gear at home, changing into that gear is not a principal activity, even when it takes place at the plant.

Wage & Hour Adv. Mem. No.2006–2, at 3 (May 31, 2006). *Id.* at 1228; See *Huff*, 468 Fed. Appx. 773, 774 ("[W]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,"(citation omitted), the plaintiffs failed to cure the defects in their second amended complaint and "did not state whether the donning and doffing of their uniforms and safety equipment at work was required by 'law, rule, their employer, or the nature of their work.'").

Based upon the above analysis, Plaintiffs have failed to state a donning and doffing claim upon which relief can be granted. Although Plaintiffs allege that when employees arrive at KTH "they are required to put on personal protective equipment ("PPE") such as sleeves, gloves, eye protection, and a uniform" and that the PPE is "required for Plaintiffs and similarly situated employees to perform their job duties and to encourage workplace safety," these are conclusory allegations. *Twombly*, 550 U.S. at 555. Without more facts, Plaintiffs' PPE, with the possible exception of the "eye protection,"[6] constitutes "clothing" and is non-compensable as clothing under § 203(o). *Sandifer*, 571 U.S. at 234-235. Plaintiffs'

---

[6] *See* n. 4.

response in opposition argues that OSHA requires businesses such as KTH to have its employees wear PPE when the workplace is determined to be hazardous or likely to be hazardous. Doc. #39, PageID#653. Plaintiffs' First Amended Complaint, however, alleges no facts in support of this assertion. Moreover, under the 2006 DOL Memorandum, to which the Court gives *Skidmore* deference, *Stein v. HHGregg, Inc.*, 532 (6th Cir. 2017) (*Skidmore* deference given to DOL Field Operations Handbook), even assuming that the PPE is not ordinary "clothing" under *Sandifer* and § 203(o) analysis, Plaintiffs must still allege facts establishing that the donning and doffing of the PPE, the "required gear" in the DOL 2006 Memorandum, cannot be done at home. *See*, *Auxer v. Republic Waste Services of Ohio, Hauling*, Case No. 2:18-cv-212, 2019 WL 1255551 (S.D. OH March 19, 2019) (C.J. Marbley) (dismissing amended complaint without prejudice for failing to allege that defendants require employees to wear PPE different from ordinary clothing and that it can only be donned and doffed at the workplace).

Finally, although Defendant only asserts a motion to dismiss Plaintiffs' donning and doffing claim under the FLSA, the Court finds that Plaintiffs' donning and doffing claim under Ohio law, O.R.C. § 4113.03, the Ohio Wage Act, is also subject to dismissal for failure to state a claim. Under O.R.C. § 4111.03, employers are required to pay employees overtime compensation "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the 'Fair Labor Standards Act of 1938,' ... *as amended*." O.R.C. § 4111.03 (emphasis added). Although Ohio has not formally adopted the portal-to-portal

provisions of the FLSA, the Portal-to-Portal Act is an amendment to Section 7 of the FLSA and thus binding upon Ohio law. *Integrity Staffing,* 574 U.S. at 29.

**IV. Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss Plaintiffs' Donning and Doffing Claims, Doc. #31, is SUSTAINED. All other claims alleged in the First Amended Complaint, Doc. #26, under the FLSA and the Ohio Acts, remain pending.

The Court's dismissal of Plaintiffs' federal and state donning and doffing claims in the First Amended Complaint, Doc. #26, is without prejudice to the filing of a Second Amended Complaint within 14 days of this Decision and Entry, subject to the strictures of Fed. R. Civ. P. 11.

Date: March 31, 2021

(tp - per Judge Rice authorization after his review)

WALTER H. RICE
UNITED STATES DISTRICT JUDGE