**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JUSTIN BAUGHMAN, et al., | : | CASE NO.: 3:19-CV-00008 |
| | : | |
| Plaintiffs, | : | JUDGE Walter H. Rice |
| | : | |
| v. | : | |
| | : | |
| KTH PARTS INDUSTRIES, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 31, 2021 DECISION AND ENTRY SUSTAINING DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFFS' DONNING AND DOFFING CLAIMS AND NOTATION ORDER OVERRULING PLAINTIFFS' AMENDED MOTION TO CERTIFY CLASS CONDITIONAL CERTIFICATION**

**I.     INTRODUCTION**

Plaintiffs' Motion for Reconsideration should be dismissed. This Court did not err. Plaintiffs have erred.

Plaintiffs have misread or ignored at least three pages of this Court's Decision and Entry dismissing the donning and doffing claims, particularly pages 10, 11, and 12 (ECF No. 45, PAGEID 758–760.) In doing so, Plaintiffs have incorrectly concluded that the basis for the Court's dismissal of the donning and doffing claims is dependent solely upon the application—or in Plaintiffs' view—the misapplication by the Court of 29 U.S.C. § 203(o). The Court need not even consider 29 U.S.C. § 203(o) to dismiss the donning and doffing claims in this case. In fact, Defendant did not seek relief pursuant to 29 U.S.C. § 203(o).

In its Partial Motion to Dismiss, Defendant stated that Plaintiffs failed to allege sufficient facts to maintain a claim for compensation for time spent donning and doffing their uniform, including personal protective equipment. The basis for Defendant's motion was that for Plaintiffs

1

to assert a plausible donning and doffing claim, they must allege, consistent with the 2006 DOL Memorandum, that there is a law, rule, or employer policy or something unique about the workplace that requires donning and doffing to occur at work. (ECF No. 31, PAGEID 555.) Plaintiffs failed to make any such allegations. Relying upon the 2006 DOL Memorandum[1] and the federal case law applying it, this Court recognized Plaintiffs' failure, independent of its analysis of 29 U.S.C. § 203(o), and dismissed Plaintiffs' donning and doffing claims. (ECF No. 45, PAGEID 758–759.) The relief Defendants requested, and that the Court granted, was, and could be, reached independent of any analysis of 29 U.S.C. § 203(o). Accordingly, Plaintiffs' Motion for Reconsideration should be denied.

## II. ARGUMENT

### A. Legal standard for motion for reconsideration.

Reconsideration is precluded unless one of three exceptional circumstances exists: (1) where substantially different or new evidence is discovered; (2) where a subsequent contrary view of the law is decided by the controlling authority; or (3) where a decision is clearly erroneous and would work a manifest injustice. *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004) (citing *Reich v Hall Holding Co.*, 990 F. Supp. 955, 965 (N.D. Ohio 1998)).

"[M]otions to reconsider are extraordinary in nature and, because they run contrary to notions of finality and repose, should be discouraged." *McConocha v. Blue Cross & Blue Shield*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996). Motions for reconsideration "are not substitutes for appeals" nor are they vehicles whereby a party attempts to "relitigate already-decided issues." *See, e.g. Automated Sols. Corp. v. Paragon Data Sys. Inc.*, No. 1:05-CV-01519, 2011 U.S. Dist. LEXIS

---

[1] United States Department of Labor Wage & Hour Adv. Mem. No. 2006-2 (the "2006 DOL Memorandum").

2

159076, *3-4 (N.D. Ohio Jan. 13, 2011); *McConocha*, 930 F. Supp. at 1184. Plaintiffs have failed to meet their burden to show that this Court's Decision and Entry was clearly erroneous and would work a manifest injustice. Accordingly, their efforts to relitigate these issues should be rejected.

### B. Plaintiffs' motion for reconsideration must be denied.

Plaintiffs acknowledge that Defendant did not seek relief pursuant to 29 U.S.C. § 203(o). Plaintiffs simultaneously argue and ask that the Court reconsider its decision to dismiss Plaintiffs' donning and doffing claims because Section 203(o), in their view, is dispositive of the issue addressed in Defendant's motion. It is not.

There are three bases to consider whether time spent donning and doffing is compensable, and Section 203(o) is just one of those three considerations. The other two considerations are (1) employers do not have to compensate employees for time spent doing activities the employer requires if those activities are not "integral and indispensable" to the principle activities that an employee is employed to perform and (2) the Department of Labor has maintained that even when employees don and doff employer-mandated gear at their workplace, such a wardrobe change is not compensable if employees have the option of dressing at home. *Auxer v. Republic Waste Servs. of Ohio Hauling, LLC*, No 2:18-CV-212, 2019 U.S. Dist. LEXIS 44404 (S.D. Ohio Mar. 19, 2019) (citing Wage & Hour Advice Mem., No. 2006-2 at 3); *see also Huff v. City of Los Angeles*, 468 Fed. Appx. 773, 2012 U.S. App. LEXIS 3492 (9th Cir. 2012); *Bamonte v. City of Mesa*, 598 F.3d 1217, 2010 U.S. App. LEXIS 6188, *43 (9th Cir. 2010). Just like Judge Rice's opinion here, Chief Judge Marbley's decision in *Auxer v. Republic Waste Servs. of Ohio Hauling, LLC*, recognizes these three independent bases. *See* 2019 U.S. Dist. LEXIS at *2.

In its Motion, Defendant asked the Court to dismiss Plaintiffs' donning and doffing claims consistent with the 2006 DOL Memorandum and the federal case law applying it. Thus, when an

3

employee is not required to don and doff at work, the time spent doing so is not compensable. The 2006 DOL Memorandum, contrary to Plaintiffs' assumption, was not conditioned upon whether a collective bargaining agreement did or did not exist. Indeed, the 2006 DOL Memorandum does not make any mention of a collective bargaining agreement at all. The 2006 DOL Memorandum very clearly states:

> [D]onning and doffing of required gear is within the continuous workday only when the employer or the nature of the job mandates that it take place on the employer's premises. It is our longstanding position that if employees have the option and the ability to change into the required gear at home, changing into that gear is not a principal activity, even when it takes place at the plant. See FOH section 31b13 (dressing at home is not compensable).

Wage & Hour Advice Mem., No. 2006-2 at 3.

Just like the 2006 DOL Memorandum, the cases Defendant relied upon in its motion and the cases this Court cites—*Huff v. City of Los Angeles*, 468 Fed. Appx. 773, 2012 U.S. App. LEXIS 3492 (9th Cir. 2012) and *Bamonte v. City of Mesa*, 598 F.3d 1217, 2010 U.S. App. LEXIS 6188, *43 (9th Cir. 2010)—are not dependent upon a Section 203(o) analysis or the existence or non-existence of a collective bargaining agreement. Rather, the outcome in both *Huff* and *Bamonte* are dependent upon the Ninth Circuit Court's analysis and reliance upon the 2006 DOL Memorandum. There is no discussion in either case about the existence of or the lack of a collective bargaining agreement because the existence or lack thereof is not dispositive of the donning and doffing consideration at issue in either case. Instead, *Huff* and *Bamonte* hold that donning and doffing of required work gear is compensable work when the employer, the law, or the nature of the job requires that the donning and doffing take place on the employer's premises. *Huff*, 468 Fed. Appx. at 774; *Bamonte*, 598 F.3d 1217.

Because Plaintiffs have failed to allege that Defendant, the law, or the nature of their job requires that donning and doffing of the uniform and PPE must be done at work, Plaintiffs have

4

failed to state a claim upon which relief may be granted. Plaintiffs cannot use their Motion for Reconsideration to re-litigate this issue. As this Court correctly concluded, dismissal of Plaintiffs' donning and doffing claims is proper on the basis of the 2006 DOL Memorandum and federal cases applying it, such as *Huff*, 468 Fed. Appx. at 774 and *Bamonte*, 598 F.3d at 1227–31. (ECF No. 45, PAGEID 755, 758–760.)

### III.  CONCLUSION

Therefore, this Court is correct. Based on the 2006 DOL Memorandum and the federal cases applying it, Plaintiffs' donning and doffing claims were properly dismissed. Independent of any reliance or analysis of 29 U.S.C. § 203(o), this Court articulated the correct pleading requirement:  A plaintiff must allege facts that the uniforms and personal protective equipment can only be donned and doffed at work and not at home. Plaintiffs failed to set forth facts in their complaint that Defendant, the law, or the nature of their work requires that donning and doffing occur at work. Therefore, Defendant respectfully requests that this Court deny Plaintiffs' Motion for Reconsideration of the Court's March 31, 2021 Decision and Entry Sustaining Defendant's Partial Motion to Dismiss Plaintiffs' Donning and Doffing Claims and Notation Order Overruling Plaintiffs' Amended Motion to Certify Class Conditional Certification.

    Respectfully submitted,

    */s/ Janay M. Stevens*
    Allen S. Kinzer (0040237)
    Janay M. Stevens (0090515)
    Vorys, Sater, Seymour and Pease LLP
    52 East Gay Street
    P.O. Box 1008
    Columbus, Ohio 43216-1008
    Telephone: (614) 464-5428
    Facsimile: (614) 719-4957
    Email: askinzer@vorys.com
           jmstevens@vorys.com
    *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 3, 2021, the foregoing was filed with the Court and served via the Court's electronic filing system upon the following:

> Matthew J.P. Coffman
> COFFMAN LEGAL, LLC
> 1550 Old Henderson Road
> Suite 126
> Columbus, Ohio 43220
>
> -and-
>
> Daniel I. Bryant
> Bryant Legal, LLC
> 1550 Old Henderson Road
> Suite 126
> Columbus, Ohio 43220

*/s/ Janay M. Stevens*
Janay M. Stevens