IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JUSTIN BAUGHMAN, et al.,  :

    Plaintiffs,

v.  :  Case No. 3:19-cv-0008

KTH PARTS INDUSTRIES, INC.,  :  JUDGE WALTER H. RICE

    Defendant.  :

---

DECISION AND ENTRY OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 31, 2021, DECISION AND ENTRY SUSTAINING DEFENDANT'S PARTIAL MOTION TO DISMISS PLAINTIFFS' DONNING AND DOFFING CLAIMS AND NOTATION ORDER OVERRULING PLAINTIFFS' AMENDED MOTION TO CERTIFY CLASS CONDITIONAL CERTIFICATION (DOC. #47)

---

This matter is before the Court on Plaintiffs,' Justin Baughman ("Baughman") and Austin Fields ("Fields"), Motion for Reconsideration of the Court's March 31, 2021, Decision and Entry Sustaining Defendant's Partial Motion to Dismiss Plaintiffs' Donning and Doffing Claims and Notation Order Overruling Plaintiffs' Amended Motion to Certify Class Conditional Certification ("Motion for Reconsideration"), Doc. #47. The March 31, 2021, Decision and Entry stated that it was without prejudice to the filing by Plaintiffs of a Second Amended Complaint within 14 days, subject to the strictures of Fed. R. Civ. P. 11, Doc. #45. Similarly, the March 31, 2021, Notation Order states it is without prejudice to the renewal by

Plaintiffs in a Second Amended Complaint, or in a separate filing subsequent to Plaintiffs filing a Second Amended Complaint, of a new amended motion for conditional class certification.

Defendant, KTH Parts Industries, Inc. ("KTH"), has filed a Response to the Motion for Reconsideration, Doc. #48, and Plaintiffs have filed a Reply, Doc. #49.

For the reasons set forth below, Plaintiffs' Motion for Reconsideration, Doc. #47, is OVERRULED in part and SUSTAINED in part.

I. **Background and Procedural History**

Plaintiffs' initial Complaint named two Defendants: KTH, an Ohio corporation and Defendant KTH Parts Leesburg Products, LLC ("KLP"), an Alabama company and allegedly wholly owned subsidiary of KTH, Doc. #1. In response to the Complaint, KLP filed a motion to dismiss for lack of jurisdiction and KTH filed an Answer and a motion to dismiss the claims of Plaintiff Shawn Nichols ("Nichols"), Doc. ##7 and 8. Plaintiffs, Baughman, Nichols and Candi Williams responded to the motions to dismiss and later filed a motion to certify conditionally under § 216(b), Doc. #22. Thereafter, the Court issued a decision and entry sustaining KLP's motion to dismiss for lack of jurisdiction and KTH's motion to dismiss Nichols,[1] Doc. #24.

---

[1] Although Nichols's claims were dismissed with prejudice, the Court ordered arbitration pursuant to the arbitration agreement signed by him.

Following the dismissal of KLP and Nichols, Plaintiffs Baughman and Fields filed their First Amended Complaint, Doc. #26. They alleged, among other things, that KTH's employees were not compensated for time spent working, including, but not limited to, the donning and doffing of personal protective equipment ("PPE"). Plaintiffs asserted violations by KTH of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, et seq.; Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15; Ohio's Recordkeeping laws, Ohio Rev. Code §§ 4111.08, 4111.14(G) & (H); and Article II, Section 34a of the Ohio Constitution. Simultaneously with the filing of their First Amended Complaint, Plaintiffs also filed their Pre-Discovery Motion for Conditional Class Certification and Court-Supervised Notice to Potential Opt-In Plaintiffs Pursuant to 29 U.S.C. § 216(b) ("Amended Motion for Conditional Class Certification), Doc. #27.

Defendant KTH filed an Answer to Plaintiffs' First Amended Complaint, Doc. #32, and a Partial Motion to Dismiss Plaintiffs' Donning and Doffing Claims ("Partial Motion to Dismiss"), Doc. #31.  KTH's motion argued that the First Amended Complaint failed to allege sufficient facts to maintain a claim for time spent by KTH's employees for the donning and doffing of PPE.  Both the Decision and Entry, Doc. #45, and the Notation Order were without prejudice to Plaintiffs alleging their federal and state claims for donning and doffing in a Second Amended Complaint, within the strictures of Fed. R. Civ. P. 11, or in a new

3

amended motion for conditional class certification subsequent to their filing a Second Amended Complaint.

### I. Motions for Reconsideration

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. Motions for reconsideration are often treated as motions to alter or amend a judgment under Federal Rule of Civil Procedure 59(e), if filed within 28 days after the entry of judgment. In this case, however, because no final judgment has been entered, Rule 59(e) is inapplicable. *See Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 436 (6th Cir. 2005) (holding that because there was no final judgment when the court entertained the motion for reconsideration, Rule 59(e) did not apply).

Nevertheless, "[d]istrict courts have authority both under common law and [Federal Rule of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). See also *Am. Civil Liberties Union of Ky. v. McCreary Cty., Ky.*, 607 F.3d 439, 450 (6th Cir. 2010) (noting that where the district court has not yet entered final judgment, it is "free to reconsider or reverse its decision for any reason.").

Typically, however, courts will reconsider an interlocutory order only when there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice."

4

*Louisville/Jefferson Cty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quotation omitted). *See also Northeast Ohio Coalition for Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009) ("Motions for reconsideration are not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier.").

## II. Analysis

### 1. March 31, 2021, Decision and Entry, Doc. #45

Plaintiffs' Motion for Reconsideration argues that the Decision and Entry is erroneous and that the Court should "clarify/hold" that 29 U.S.C. § 203(o) does not apply, "thus overruling its . . . [Decision and Entry] to deny Defendant's Partial Motion to Dismiss," Doc. #47, PageID#764. In their Reply, however, Plaintiffs assert that they "are not asking the Court to modify its Decision and Entry Sustaining Defendant's Partial Motion to Dismiss Plaintiffs' Donning and Doffing Claims . . . to reflect that the Partial Motion to dismiss is denied," Doc. #49, PageID#785 (emphasis added). Finally, Plaintiffs state in their Motion that they "intend not to proceed with their donning and doffing claims at this time." *Id.*, PageID#770.

The Decision and Entry found that Plaintiffs failed to allege sufficient facts to maintain a claim for compensation for time spent donning and doffing their uniforms and other PPE. Although the Decision and Entry cited 29 U.S.C. § 203(o) and cases interpreting it, the Court also quoted the statute's language indicating

5

its application "by the express terms of or by custom or practice under a bona fide collective-bargaining agreement," Doc. #45, PageID#757. In addition to citing § 203(o), the Court also cited *Integrity Staffing Solutions, Inc. v. Busk*, 574 U.S. 27, 135 S. Ct. 513 (2014) (activity is "integral and indispensable to the principal activities that an employee is employed to perform [,] if it is an intrinsic element of those [principal] activities and one with which the employee cannot dispense if he is to perform his principal activities.")[2] and the 2006 Department of Labor Memorandum ("2006 DOL Memorandum"). Neither *Integrity Staffing* nor the 2006 DOL Memorandum pertain to a collective bargaining agreement. The relevant portion of the Memorandum, as referenced in the Court's Decision and Entry, Doc. #45, PageID#745, reads as follows:

> donning and doffing of required gear is within the continuous workday only when the employer or the nature of the job mandates that it take place on the employer's premises. It is our longstanding position that if employees have the option and ability to change into the required gear at home, changing into that gear is not a principal activity, even when it takes place at the plant.

Wage & Hour Adv. Mem. No.2006–2, at 3 (May 31, 2006).

Plaintiffs' Motion for Reconsideration rests on the premise that the Court applied the incorrect legal standard by citing to 29 U.S.C. § 203(o). Although the Court considered this statute in concluding that Plaintiffs' First Amended

---

[2] The Supreme Court in *Integrity Staffing* reversed the Ninth Circuit and held that "employees' time spent waiting to undergo and undergoing Integrity Staffing's security screenings" was not "integral and indispensable to the principal activities that an employee is employed to perform and thus compensable under the FLSA." *Id.*, at 37.

Complaint failed to allege sufficiently a donning and doffing claim,[3] the Decision and Entry also considered the 2006 DOL Memorandum and the court's analysis in *Auxer v. Republic Waste Services of Ohio, Hauling*, Case No. 2:18-cv-212, 2019 WL 1255551 (S.D. OH March 19, 2019) (Marbley, C.J.). In *Auxer*, the court dismissed the amended complaint without prejudice for failing to allege that defendants require employees to wear PPE different from ordinary clothing and that it can only be donned and doffed at the workplace. In reaching this decision, Chief Judge Marbley cited 29 U.S.C. § 203(o) as well as *Integrity Staffing* and the 2006 DOL Memorandum.

> In addition, employers do not have to compensate employees for time spent doing activities the employer requires (donning and doffing, for example, or going through employer-mandated security screening) if those activities are not 'integral and indispensable to the princip[al] activities that an employee is employed to perform.' *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513 (2014). Finally, the Department of Labor (DOL) has maintained that even when employees don and doff employer-mandated gear at their workplace, such a wardrobe change is not compensable if employees have the option of dressing at home. Wage & Hour Advice Mem., No. 2006-3 at 3.

*Auxer*, 2019 WL 1255551 at*2.

Although the Decision and Entry permitted Plaintiffs to file a Second Amended Complaint within 14 days, subject to the strictures of Fed. R. Civ. P. 11, Plaintiffs represent in their Motion for Reconsideration that they "do not intend to proceed with their donning and doffing claims at this time."

---

[3] Both parties agree that this statute is inapplicable since there is no collective bargaining agreement at issue.

Because Plaintiffs failed to allege facts to support their donning and doffing claims as required by the 2006 DOL Memorandum and *Integrity Staffing*, and, further because Plaintiffs do not ask this Court to reverse its earlier Decision, the Motion for Reconsideration of the Decision and Entry is OVERRULED.

### 2. Notation Order of March 31, 2021

Although the Court's March 31, 2021, Notation Order overruled Plaintiffs' Amended Motion for Conditional Class Certification, Doc. #27, without prejudice to the renewal by Plaintiffs in a Second Amended Complaint, or in a separate filing subsequent to Plaintiffs filing a Second Amended Complaint, Plaintiffs' Motion for Reconsideration states that they do not intend to proceed with a donning and doffing claim and, therefore, will not be filing a Second Amended Complaint. Because Plaintiffs have abandoned this claim, and because the Decision and Entry states that "[A]ll other claims alleged in the First Amended Complaint remain pending," they argue that their Amended Motion for Conditional Class Certification, Doc. #27, should not be overruled and should be considered to be at issue. They further contend that "their intention to abandon their donning and doffing claims irrespective of the Court's potential reconsideration" of its Decision and Entry and the possible "prejudice to the putative class members who still have yet to receive notice of the lawsuit," because of the resulting delay in re-filing a motion, the Court should reconsider its March 31, 2021, Notation Order, Doc. #47, PageID#776. KTH's Response, Doc. #48,

8

does not address Plaintiffs' arguments concerning the Court's March 31, 2021, Notation Order.

Based on Plaintiffs' representation of their intention to abandon their donning and doffing claims and their concern of possible prejudice to putative class members due to the delay in providing notice of this lawsuit to them, the Court SUSTAINS the Motion for Reconsideration as it pertains to the Notation Order to prevent manifest injustice.[4]

### III. Conclusion

For the reasons set forth above, the Motion for Reconsideration, Doc. #47, is OVERRULED in part and SUSTAINED in part. Plaintiffs' Motion for Reconsideration is OVERRULED as to the Decision and Entry, Doc. #45. As to the March 31, 2021, Notation Order, Plaintiffs Motion for Reconsideration is SUSTAINED.

Date: June 9, 2021

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE

---

[4] The Amended Motion for Conditional Certification, Doc.#27, being fully briefed, is at issue and will be decided by the Court in a separate Decision and Entry.